The STATE of Ohio, Appellant,

v.

SCOLARO et al., Appellees.

[Cite as *State v. Scolaro* (1992), 73 Ohio App.3d 555.]

Court of Appeals of Ohio,
Tuscarawas County.

Nos. 91AP070041 through 91AP070059.

Decided Feb. 19, 1992.

*Ronald L. Collins,* Prosecuting Attorney, for appellant.

*Paul N. Gordon, John Connor II, Joseph I. Tripodi* and *Michael C. Johnson,* for appellees.

GWIN, Judge.

The state of Ohio appeals judgments of the Tuscarawas County Common Pleas Court dismissing nineteen cases for speedy trial violations:

### Assignment of Error No. I

"A trial court errs in dismissing criminal charges due to the failure of the state to bring a defendant to trial within the statutory time limit where delay resulted from a combination of late filed defense suppression motions, defense continuances of pre-trials and hearings, pending appellate decisions in related cases which would be determinate [*sic*] of issues pending before the court in this and eighteen related cases, and where express time waivers are granted by the defense."

### Assignment of Error No. II

"A trial court errs in dismissing charges against a defendant for violation of United States and Ohio constitutional rights to speedy trial where delay is reasonable due to unusual circumstances arising from the facts of the case, where the defendant contributes to the delay and makes no demand for trial and where the defendant suffers no prejudice."

On January 20, 1988, the Tuscarawas County Grand Jury indicted appellees in these nineteen cases for possession of criminal tools (R.C. 2933.24), felonies of the fourth degree. All cases involved gambling devices.

In August 1988, the Supreme Court of Ohio ruled that the general possession of criminal tools statute (R.C. 2923.24) may not be applied to possession of gambling devices due to the existence of R.C. 2915.02(F), which makes possession of gambling devices a misdemeanor. *State v. Volpe* (1988), 38 Ohio St.3d 191, 527 N.E.2d 818. The Supreme court also decided *State v. VFW Post 3562* (1988), 37 Ohio St.3d 310, 525 N.E.2d 773, which dealt with search and seizure issues relevant to the cases *sub judice*. In all of the gambling cases *sub judice*, time waivers were filed, as the court needed time to assess the recent Supreme Court decisions.

In April 1989, this court decided *State v. Hilton* (Apr. 24, 1989), Tuscarawas App. No. 88AP100080, unreported, 1989 WL 47925. In *Hilton,* we ruled that under *Volpe,* the state could amend an indictment under the felony possession of criminal tools statute to specify a misdemeanor violation of possession of gambling devices. In some of the cases *sub judice,* the trial court deferred judgment on the state's motion to amend due to the pendency of *Hilton.*[1] The cases were set for motion hearings on April 9, 1991. By judgment of April 12, 1991, the April 9 hearing was continued, and all appellees were ordered to file motions to dismiss for speedy trial violations on or before May 9, 1991. On July 10, 1991, the trial court dismissed these cases with prejudice.

The procedural posture of each case falls within one of two categories.

## I

Case Nos. 91AP070041, 91AP070042, and 91AP070049 through 91AP070056

■ A defendant's express written waiver of his statutory rights to a speedy trial may also constitute a waiver of speedy trial rights guaranteed by the United States and Ohio Constitutions. *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, paragraph one of the syllabus. Following an express, written waiver of *unlimited duration* by an accused of his right to a speedy trial, he is not entitled to discharge for delay unless he files a formal written objection and demand for trial, following which the state must bring him to trial within a reasonable time. *Id.* at paragraph two of the syllabus.

■ On September 29, 1988, the trial court continued these cases by agreement of the parties:

"Upon agreement of the parties and for good cause shown that the Court needs time to assess the impact of recent Ohio Supreme Court cases upon defense motions to suppress and dismiss and a prosecution motion to amend, it is hereby ORDERED, ADJUDGED AND DECREED that the above-captioned matter is continued until call of the Court. Time limits which would otherwise apply to this are hereby expressly waived."

This judgment was signed as approved by counsel for appellees and the prosecutor.

A critical issue thus becomes the nature and extent of the voluntary waiver of speedy trial rights by each of the defendants in this journalized agreement.

---

1. While the state moved to amend the charges in these cases to misdemeanor charges under R.C. 2915.02(F), these motions were never ruled on by the court. All appellees agree that because the indictments have not been amended, the relevant speedy trial provision is R.C. 2945.71(C)(2), which requires trial within two hundred seventy days of arrest.

(No challenge is made to the knowingness or voluntariness of the waiver; that it is signed by counsel instead of the accused. All counsel concede that it is a valid waiver of some duration.)

The Supreme Court in *O'Brien* did not favor us with the specific language therein found to be "unlimited" in duration.

Because the issue in these cases involves statutory and constitutional speedy trial rights, we must carefully scrutinize orders of continuances that cause an accused to be tried outside the statutorily proscribed time limits.

"The statutory speedy trial provisions, R.C. 2945.71 *et seq.,* constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of the state." *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589, syllabus.

Upon close scrutiny of the above instant waiver, the trial court, with the agreement of the parties, extended the speedy trial time limits because it needed time to assess the impact of *Volpe* and *VFW Post 3562.* Although the trial court did not declare the amount of time needed to assess the impact of those cases, the importance of the constitutional speedy trial provisions would necessitate an inference of a reasonable amount of time. As such, and upon the language contained in the waivers, the trial court placed the burden on itself to set the cases for trial within a reasonable time after assessing the impact of the Supreme Court cases. Thus, the instant waiver does not involve an express waiver of unlimited duration as contained in *O'Brien, supra,* but an express waiver of limited and reasonable duration.

In case Nos. 91AP070041, 91AP070042, 91AP070055 and 91AP070056, the court entered the September 29, 1988 waiver two hundred fifty-two days after the defendants were indicted. In other words, only eighteen of the two hundred seventy days remained under which the defendants charged with felony violations were required to be brought to trial pursuant to R.C. 2945.71(C)(2).

In case Nos. 91AP070049 through 91AP070054, the September 29, 1988 waiver was entered two hundred forty-three days after the indictment because of a defense motion to continue a scheduled pretrial. Accordingly, twenty-seven days remained under R.C. 2945.71(C)(2) in which to bring those defendants to trial.

With so few days remaining upon which to bring the above defendants to trial within the statutorily prescribed time limits, the trial court, relying on the waiver, failed to "call" or schedule the defendants for trial for well over two years. This delay is facially unreasonable. The Supreme Court has

stated that it "would not hesitate to condemn [any] procedure * * * " "[that] indefinitely postpone[d] prosecution and place[d] the accused under curtailment of his liberty and under fear of revived prosecution." *State v. Butler* (1969), 19 Ohio St.2d 55, 58, 48 O.O.2d 77, 78, 249 N.E.2d 818, 820.

We find further reason to distinguish these cases from *O'Brien.* In *O'Brien, supra,* 34 Ohio St.3d at 9, 516 N.E.2d at 221, the court stated:

"The trial court is charged with the duty of scheduling trials, and it would seem to be reasonable to require the defendant to formally inform the court of an objection to a further continuance, and a reassertion of the defendant's right to a speedy trial. Otherwise, the trial court may reasonably rely upon the written waiver of speedy trial as filed within the case."

In the instant cases, the trial court cannot reasonably rely on the waivers entered and place the burden of reasserting the right to a speedy trial on the defendants because the court itself accepted the burden of scheduling a trial after it had a reasonable amount of time to assess the impact of the aforementioned cases.

Therefore, the initial waiver remained in effect for a reasonable amount of time, and the trial court did not err in dismissing these cases after finding an unreasonable amount of time had elapsed.

Case Nos. 91AP070043 through 91AP070048
and 91AP070057 through 91AP070059

The time waiver in this set of cases (May 16, 1988) is different from that in the cases discussed above:

"Upon the agreement of the parties, and upon the further representation that the parties are engaged in plea negotiations which could lead to disposition of the above-captioned cases, and upon the further representation that the attorney for the defendants has cases with issues that could be dispositive of the above-captioned cases pending before the Ohio Supreme Court, it is hereby ORDERED, ADJUDGED AND DECREED that the pre-trial conferences and all motion hearings be continued until further call of the Court and that during the period of this continuance, the time within which these cases must otherwise be tried be extended."

By like token, the agreed order of May 16, 1988 in these cases conditions the speedy trial waiver upon the "call of the court." The trial court neither called nor scheduled those cases for trial for over two years.

Accordingly, for the reasons previously stated, the trial court properly dismissed these cases.

The state's first assignment of error is overruled.

## II

We likewise overrule the state's second assignment of error for the reasons previously stated.

The judgment of the Tuscarawas County Common Pleas Court is affirmed.

*Judgment affirmed.*

SMART, J., concurs.

MILLIGAN, P.J., dissents.

MILLIGAN, Presiding Judge, dissenting.

As noted, the Supreme Court in *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, did not favor us with the specific language therein found to be "unlimited" in duration.

I conclude that a waiver, otherwise valid, that waives speedy trial rights until the case is "called" by the court is a waiver of unlimited duration, as to which the principles of *O'Brien* apply. A defendant, by such waiver, has placed the timing of the trial squarely in the hands and under the control of the court. It thus behooves such defendant to take some affirmative action to reinstate or reactivate his speedy trial rights under both R.C. 2945.71, 2945.72, and the Ohio and United States Constitutions. This is the import of *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (holding that constitutional speedy trial rights may be waived), *State v. Butler* (1969), 19 Ohio St.2d 55, 48 O.O.2d 77, 249 N.E.2d 818 (holding that the state must bring the accused to trial within a reasonable time *after* the waiving accused demands his speedy trial rights), and *State v. O'Brien, supra* (placing the burden on the accused where a waiver of unlimited duration has been given by such accused).

Case Nos. 91AP070041, 91AP070042 and 91AP070049 through 91AP070056

A second judgment (November 7, 1988) deferred judgment on pending motions until after *Hilton* was decided:

"The above-captioned matter came on for consideration of the court on the State's motion to amend and the motion of the defendant to dismiss this 17th day of October, 1988. Whereupon, the court heard the arguments and remarks of the attorneys for the parties.

"Being apprised that dismissals in similar cases (case nos. 88CR010041, 88CR010040, 88CR0010043, 88CR010042 and 88CR010039) are being appealed by the State, the court hereby defers judgment upon the motions under consideration until determination of said appeals and extends the time within

which these cases would otherwise be required to be tried for good cause shown."

This order of the court is not a "call" of the case. Although we have no transcript of the hearing, it facially appears that the court was expressing concern about calling the cases for trial prior to a decision in the *Hilton* case and was postponing his decision to call the cases and rule on dismissal motions (for reasons other than speedy trial claims).

Nor can the November 7, 1988 order be construed as a modification of the prior speedy trial waiver. It was not an agreement or initiative of the defendants and was not approved by the parties or counsel.

I conclude that speedy trial time for these cases was tolled from the time the waiver was executed, September 29, 1988, until the issue was brought before the court.

Here the court (by its newly elected judge) initiated the concern about speedy trial by an order filed April 9, 1991. He instructed counsel to file appropriate motions, which were filed by May 9, 1991.

I thus further conclude that the speedy trial clock was not again started until the defendants, consistent with *O'Brien, supra,* filed their actions to dismiss by May 9, 1991.

The November 7, 1988 judgment does not modify the general waiver of September 29. It is a court order, not an agreement. It is not styled as a waiver, is not approved by the parties, and does not serve to continue the case pursuant to the agreement of the parties. The court merely states that it will defer judgment until after our court's ruling in *Hilton* and companion cases, and the language extending the time in which the cases must be heard is cumulative of the express general waiver already on record.

After filing an express waiver, none of the parties demanded a trial in accordance with *O'Brien, supra.*[2] The initial waiver therefore remained in effect, and the trial court erred in dismissing these cases.

Case Nos. 91AP070043 through 91AP070048
and 91AP070057 through 91AP070059

The time waiver in this set of cases (May 16, 1988) is different from that in the cases discussed above:

---

**2.** The trial court is charged with the duty of scheduling trials, and it would seem to be reasonable to require the defendant to formally inform the court of an objection to a further continuance, and a reassertion of the defendant's right to a speedy trial. Otherwise the trial court may reasonably rely upon the written waiver of speedy trial as filed within the case. Defendant here made no such objection or demand for trial, and his initial waiver thus remained effective. *O'Brien, supra,* 34 Ohio St.3d at 9–10, 516 N.E.2d at 221.

"Upon the agreement of the parties, and upon the further representation that the parties are engaged in plea negotiations which could lead to disposition of the above-captioned cases, and upon the further representation that the attorney for the defendants has cases with issues that could be dispositive of the above-captioned cases pending before the Ohio Supreme Court, it is hereby ORDERED, ADJUDGED AND DECREED that the pre-trial conferences and all motion hearings be continued until further call of the Court and that during the period of this continuance, the time within which these cases must otherwise be tried be extended."

By like token, the agreed order of May 16, 1988 in these cases conditions the speedy trial waiver upon the "call of the court."

The summons were served on these appellees between January 22, 1988 and January 26, 1988. The next filing affecting the speedy trial clock was the May 16, 1988 order, continuing the case and speedy trial time until call of the court. There was no "call of the court" before the defendants filed their speedy trial dismissal motions between April 9, 1991 and May 9, 1991. Appellees did nothing pursuant to *O'Brien* to demand a trial or object to the delay between May 16, 1988 and April 9, 1991. Therefore, the waiver remained in effect until April 9, 1991.

The speedy trial clock ran from January 22, 1988 until May 16, 1988. The clock was tolled from May 16, 1988 until April 9, 1991. The clock again ran from April 9, 1991 to July 10, 1991 when the cases were dismissed. At the time of the dismissal, the two hundred seventy chargeable days within which appellees must be brought to trial had not yet run. The trial court erred in dismissing these cases.

Assignment of error one should be sustained.

We should sustain the second assignment of error as to case Nos. 91AP070041, 91AP070042 and 91AP070049 through 91AP070056, upon the authority of *O'Brien, supra,* and as to 91AP070043 through 91AP070048 and 91AP070057 through 91AP070059 upon the authority of R.C. 2945.71, 2945.-72(H), *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589, and *O'Brien, supra.*

The judgment of the Tuscarawas County Common Pleas Court should be reversed, and these cases be remanded for further proceedings according to law.