This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, David Kovacek, appeals his conviction in the Lorain County Court of Common Pleas. We affirm.
 I.
On August 21, 1998, Mr. Kovacek and his girlfriend, Wilma Helbig, left the Trading Post Bar in Grafton, Ohio. At that time, Mr. Kovacek was driving under the influence of both cocaine and alcohol. While driving at a high rate of speed, Mr. Kovacek lost control of his vehicle and crashed into a sign, guy wire, and two trees. Ms. Helbig died from the injuries she sustained in the accident. Mr. Kovacek, who had been ejected from the vehicle, sustained serious injuries.
On November 3, 1998, the Lorain County Grand Jury indicted Mr. Kovacek for aggravated vehicular homicide, in violation of R.C. 2903.06(A), reckless operation, in violation of R.C. 4511.20, reasonable control, in violation of R.C. 4511.202, speed, in violation of R.C. 4511.21(A), involuntary manslaughter, in violation R.C. 2903.04(B), driving under the influence of alcohol and/or drugs, in violation of R.C. 4511.19(A)(1), possession of cocaine, in violation of R.C. 2925.11(A), and possession of marijuana, in violation of R.C. 2925.11(A).
Upon Mr. Kovacek's motion, the trial court held a pretrial hearing on whether Mr. Kovacek was competent to stand trial. At the hearing, both the prosecution and the defense presented expert witnesses, who testified regarding Mr. Kovacek's competency. On May 12, 2000, the trial court found Mr. Kovacek competent to stand trial. Subsequently, Mr. Kovacek moved to dismiss the charges against him, claiming that his statutory right to a speedy trial had been violated. The trial court held a hearing on Mr. Kovacek's motion to dismiss on July 24, 2000. The trial court denied the motion, finding that Mr. Kovacek had waived his right to a speedy trial. Immediately thereafter, Mr. Kovacek entered a plea of no contest to all of the charges contained in the indictment. In a verdict journalized on July 24, 2000, the trial court accepted the plea and found Mr. Kovacek guilty of all of the charges. On October 6, 2000, he was sentenced accordingly. This appeal followed.
 II.
Mr. Kovacek asserts four assignments of error. We will address each in turn.
 A. First Assignment of Error The trial court erred by failing to find that the Appellant was incompetent to stand trial, where the psychologists who evaluated him indicated that: (1) Appellant was depressed and suicidal; (2) the MMPI-2 Test indicated significant psychopathology on the part of Appellant; (3) Appellant suffered brain damage as a result of the automobile accident and has no memory of said accident, (4) Appellant was not motivated to actively assist in his own defense.
 Mr. Kovacek asserts that the trial court erred in determining that he was competent to stand trial. Specifically, he avers that, as he was not motivated to actively assist in his own defense, the trial court should have found him incompetent to stand trial. We disagree.
"Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial."State v. Berry (1995), 72 Ohio St.3d 354, 359. In Ohio, "R.C. 2945.37
protects the right of a criminal defendant not to be tried or convicted while incompetent." Id. R.C. 2945.37(G) provides, in part, that a defendant is "presumed to be competent to stand trial." A defendant, however, shall be deemed incompetent "[i]f, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against [him] or of assisting in [his] defense[.]" R.C. 2945.37(G). Significantly, "[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." State v. Bock (1986), 28 Ohio St.3d 108,110.
In the present case, the evidence adduced at the hearing showed that Mr. Kovacek suffered from depression and suicidal ideation and had short-term memory loss. Regarding Mr. Kovacek's competency, Dr. Thomas J. Haglund, a licensed psychologist, testified that Mr. Kovacek had the ability to understand the nature of the proceedings, as he understood the charges against him and the roles which various court personnel and attorneys played in the judicial process. Dr. Haglund also testified that Mr. Kovacek had the ability to assist his attorney in preparing and implementing a defense. To that end, Dr. Haglund noted that Mr. Kovacek had come forward with information, which Mr. Kovacek believed would lead to exculpatory evidence, indicating an ability and desire to aid in his defense. Dr. Haglund further stated that the fact that Mr. Kovacek had changed attorneys evidenced Mr. Kovacek's ability to make decisions on his own behalf with the goal of enhancing a favorable outcome at trial. Accordingly, Dr. Haglund opined that Mr. Kovacek was competent to stand trial.
The defense presented the testimony of Dr. Michael Esson, a licensed clinical psychologist, who had been treating Mr. Kovacek for over one year. Dr. Esson expressed concern that on any given day, Mr. Kovacek may either rigorously defend against the charges or may not assist in his defense, depending on his current mental state. Dr. Esson, however, testified that on the day of the competency hearing, in his opinion, Mr. Kovacek was competent to stand trial as he was not incapable of understanding the nature and objective of the proceedings against him and of assisting his counsel in his defense. Furthermore, there was testimony that Mr. Kovacek maintained employment as a mason while the case was pending.
After a careful review of the record, we find that Mr. Kovacek understood the nature and objective of the proceedings against him and was capable of assisting in his defense; therefore, we hold that the trial court properly determined that Mr. Kovacek was competent to stand trial. Accordingly, Mr. Kovacek's first assignment of error is overruled.
 B. Second Assignment of Error Appellant did not knowingly, intelligently and voluntarily enter his pleas of "no contest" to the eight-count indictment where (1) he was not competent to stand trial, and (2) trial counsel induced that plea by making the unfulfilled promise to Appellant that the five misdemeanor counts would be dismissed in exchange for his plea to the three felony counts.
 In his second assignment of error, Mr. Kovacek argues that he did not knowingly, intelligently, and voluntarily enter his pleas of no contest because he was not competent to stand trial and because his trial counsel induced that plea by making the unfulfilled promise that Mr. Kovacek's five misdemeanor counts would be dismissed in exchange for his plea to the three felony counts.
A motion to withdraw a plea of no contest is governed by Crim.R. 32.1, which states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 In the instant matter, the record indicates that Mr. Kovacek did not file a motion to withdraw his plea of no contest pursuant to Crim.R. 32.1 or otherwise raise this challenge before the trial court; rather, he raises this issue for the first time on appeal. The failure to file a Crim.R. 32.1 motion or otherwise challenge a plea of no contest at the trial level constitutes waiver of the issue on appeal. See State v. Carmon (Nov. 18, 1999), Cuyahoga App. No. 75377, unreported, 1999 Ohio App. LEXIS 5458, *7. We conclude that as Mr. Kovacek has failed to raise this issue at the trial level, he has waived this issue on appeal. Therefore, we can only take notice of the error if it rises to the level of plain error. Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
First, Mr. Kovacek argues that he did not knowingly, intelligently, and voluntarily enter his pleas of no contest because he was not competent to stand trial. The United States Supreme Court has held that under the Due Process Clause, the standard for determining competency to stand trial is the same as the standard for determining competency to enter a guilty plea. Godinez v. Moran (1993), 509 U.S. 389, 391, 125 L.Ed.2d 321, 327; see, also, State v. Bolin (1998), 128 Ohio App.3d 58, 61-62. We discern no reason to apply a different standard for determining competency to enter a plea of no contest. As previously discussed, the trial court properly found Mr. Kovacek competent to stand trial, and therefore, we find that the trial court did not commit plain error in accepting his plea of no contest on these grounds.[1]
Next, Mr. Kovacek argues that he did not knowingly, intelligently, and voluntarily enter his pleas of no contest because his trial counsel induced that plea by making the unfulfilled promise that Mr. Kovacek's five misdemeanor counts would be dismissed in exchange for his plea to the three felony counts. As an appeal from the judgment of conviction is limited to the trial court record, State v. McNeill (2000),137 Ohio App.3d 34, 40, we cannot review whether Mr. Kovacek's trial counsel misrepresented the plea agreement to him to effectuate a plea of no contest because this court would have to look at evidence de hors the record. Accordingly, Mr. Kovacek's second assignment of error is overruled.
 C. Third Assignment of Error The trial court erred in denying Appellant's motion to dismiss, on speedy trial grounds, the five misdemeanor charges set forth in the indictment.
 In his third assignment of error, Mr. Kovacek argues that he was not given a speedy trial on the misdemeanor charges, as he was not tried within ninety days of his arrest. See R.C. 2945.71(B)(2). The trial court found that Mr. Kovacek had waived his right to a speedy trial. We agree with the trial court.
It is well-settled law that an accused may waive his constitutional right to a speedy trial so long as the waiver is knowingly and voluntarily made. State v. King (1994), 70 Ohio St.3d 158, 160, citingBarker v. Wingo (1972), 407 U.S. 514, 529, 33 L.Ed.2d 101, 116. A defendant's waiver of his right "to a speedy trial must be expressed in writing or made in open court on the record." King, 70 Ohio St.3d at syllabus. Furthermore, a waiver that expressly waives the accused's right to a speedy trial under the statute without mentioning a specific time period is unlimited in duration.[2] State v. O'Brien (1987),34 Ohio St.3d 7, paragraph two of the syllabus; accord In re Fuller
(Dec. 14, 1994), Summit App. No. 16824, unreported, at 5. Once an accused has made an express, written waiver of unlimited duration, "the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." O'Brien, 34 Ohio St.3d at paragraph two of the syllabus.
In the instant matter, Mr. Kovacek personally signed five written waivers, which expressly waived his right to a speedy trial pursuant to R.C. 2945.71 et seq.[3] Mr. Kovacek does not assert that these waivers were not knowingly and voluntarily made. Moreover, the waivers did not contain any language limiting the time in which they were to operate, and accordingly, were of unlimited duration.[4] See O'Brien,34 Ohio St.3d at 9. Furthermore, Mr. Kovacek did not file a formal written objection and demand for trial, following which the state would have been required to bring him to trial within a reasonable amount of time. See id. at paragraph two of the syllabus. Accordingly, we conclude that Mr. Kovacek waived his right to a speedy trial pursuant to R.C. 2945.71 et seq., and therefore, the trial court did not err in denying his motion to dismiss on speedy trial grounds. Mr. Kovacek's third assignment of error is overruled.
 D. Fourth Assignment of Error Appellant's trial attorneys provided ineffective assistance of counsel by waiving statutory speedy trial time, where the 270-day time limit for bringing Appellant to trial on the three felony charges set forth in the indictment would otherwise have expired but for counsels' time waivers. Appellant's final trial attorney further provided ineffective assistance of counsel by inducing Appellant's plea to the eight-count indictment with the unfulfilled promise that the five misdemeanor counts would be dismissed, in exchange for a plea to the three felony counts.
 Mr. Kovacek argues that he was denied the effective assistance of counsel because his trial attorneys waived the statutory speedy trial time and because his last trial attorney induced his plea of no contest by making the unfulfilled promise that the five misdemeanor counts would be dismissed if he pleaded no contest to the three felony counts. We disagree.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
First, Mr. Kovacek asserts that he was denied the effective assistance of counsel when his trial attorneys waived his statutory right to a speedy trial. Specifically, he avers that had his trial attorneys not waived his statutory right to a speedy trial, the charges against him would have been dismissed because he was not brought to trial within 270 days of his arrest. Mr. Kovacek's trial attorneys, however, did not unilaterally execute the waivers without his consent, as Mr. Kovacek suggests. Significantly, Mr. Kovacek personally executed several speedy trial waivers, including the first waiver, which he signed on November 13, 1998. Consequently, we cannot conclude that the performance of his trial attorneys was deficient. We further find that, even if their performance was deficient, it did not prejudice the defense.
Additionally, Mr. Kovacek argues that he was denied the effective assistance of trial counsel because his counsel induced his plea of no contest by making the unfulfilled promise that the five misdemeanor counts would be dismissed if he pleaded no contest to the three felony counts. However, an appeal from the judgment of conviction is limited to the trial court record. McNeill, 137 Ohio App.3d at 40, citing State v.Cole (1982), 2 Ohio St.3d 112. Here, to review whether Mr. Kovacek's trial counsel misrepresented the plea agreement to him to effectuate a plea of no contest, and by doing so, was ineffective, this court would have to look at evidence de hors the record. This argument is, therefore, properly raised in a petition for postconviction relief and not on direct appeal. See McNeill, 137 Ohio App.3d at 40 (stating that "[b]ecause an appeal from the judgment of conviction is limited to the trial court record, a petition for post-conviction relief may defeat theres judicata bar only if its claims are based on evidence de hors the record"). Accordingly, Mr. Kovacek's fourth assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ WILLIAM G. BATCHELDER
BAIRD, J., SLABY, J. CONCUR.
[1] Mr. Kovacek does not assert that the trial court failed to comply with the other requirements of Crim.R. 11.
[2] Mr. Kovacek cites State v. Scolaro (1992), 73 Ohio App.3d 555, for the proposition that indefinite term waivers of a defendant's right to a speedy trial are deemed to last for a reasonable time. However, inScolaro, the Fifth District Court of Appeals found that the waiver in that case was a waiver of limited and reasonable duration and not a waiver of unlimited duration; therefore, the waiver in Scolaro was distinguishable from the express waiver of unlimited duration as contained in State v. O'Brien (1987), 34 Ohio St.3d 7. Scolaro,73 Ohio App.3d at 558.
[3] These five waivers, which Mr. Kovacek personally signed, were executed on November 13, 1998, December 18, 1998, January 22, 1999, March 10, 2000, and April 14, 2000. In additional journal entries, the trial court noted that Mr. Kovacek had previously waived his right to a speedy trial pursuant to R.C. 2945.71 et seq. on February 19, 1999, May 28, 1999, September 9, 1999, and January 18, 2000— Mr. Kovacek signed the February 19, 1999 and January 18, 2000 journal entries.
[4] Mr. Kovacek argues that the trial court failed to bring him to trial within a reasonable amount of time after he signed the November 13, 1998 speedy trial waiver. We note, however, that Mr. Kovacek signed numerous speedy trial waivers after the November 13, 1998 waiver and that these waivers were signed periodically throughout the time period between the date of his arrest and the date of trial. Furthermore, as previously discussed, following an express written waiver of unlimited duration, as is the case here, the defendant is not entitled to a discharge for the delay in bringing him to trial unless he files a formal written objection and demand for trial. See O'Brien, 34 Ohio St.3d at paragraph two of the syllabus. Mr. Kovacek failed to make such an objection and demand.