**The STATE of Ohio, Appellee,**

**v.**

**MASTERS, Appellant.**

[Cite as *State v. Masters,* 172 Ohio App.3d 666, 2007-Ohio-4229.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–06–20.

Decided Aug. 20, 2007.

Stanley E. Flegm, Crawford County Prosecuting Attorney, and Clifford Murphy, Assistant Prosecuting Attorney, for appellee.

Patrick T. Murphy, for appellant.

---

SHAW, Judge.

{¶ 1} Defendant-appellant Scott Masters appeals from the October 24, 2006 judgment entry of the Court of Common Pleas, Crawford County, sentencing him to two years in prison for his conviction of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1).

{¶ 2} This matter stems from events of April 20, 2005, in Crawford County. On this date, Masters went to the home of his friend, Larry Whittington, after receiving information from his wife that she and Larry had had an affair approximately 20 years ago. When Masters arrived at Larry's home, he became upset, lost his composure, and struck Larry in the face.

{¶ 3} On May 10, 2005, the Crawford County Grand Jury indicted Masters on one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1). On May 13, 2005, Masters appeared for his arraignment and entered a plea of not guilty. Masters was released on bond with the restriction that he have no contact with the victim.

{¶ 4} On September 28, 2005, the trial court entered a pretrial scheduling order and set this matter for a January 12, 2006 jury trial.[1] However, on January 5, 2006, Masters filed a motion requesting a continuance of the trial date. In his motion, Masters stated that the prosecutor joined in this request so as to allow the parties to pursue the possibility of resolving this matter without a trial. Masters also advised the court in the motion, "Defendant waives time herein." The trial court granted Masters's request for a continuance and ordered that the trial be reassigned by the court's assignment commissioner. Although this matter was initially reset for trial on May 4, 2006, the trial was subsequently continued to September 7, 2006.

{¶ 5} On June 27, 2006, Masters filed a motion to dismiss the indictment and all charges against him, alleging that he had been denied his right to a speedy trial. This motion was denied by the trial court on June 30, 2006.

{¶ 6} On September 1, 2006 Masters filed a jury-trial waiver. Accordingly, this matter proceeded to a trial to the court on September 7, 2006. At the close of

---

1. The pretrial scheduling order also stated as follows: "Continuances or substitution of counsel will not be granted within three (3) weeks of trial absent extraordinary circumstances. If a continuance is requested, a time waiver must be submitted with same."

evidence, the court found Masters guilty of felonious assault. On October 23, 2006, the trial court conducted Masters's sentencing hearing and sentenced him to two years in prison for his conviction. The trial court also ordered Masters to pay restitution in the amount of $1,253.62.

{¶ 7} Masters now appeals, asserting five assignments of error.

### Assignment of Error No. 1

The trial court committed plain and reversible [sic] in it's [sic] failure to dismiss the case as the defendant was not afforded his right to a speedy trial as guaranteed by Section 2945.71 of the Ohio Revised Code, Article I Section 10 of the Ohio Constitution, and the 6th and 14th Amendments to the United States Constitution.

### Assignment of Error No. 2

The trial court committed plain and reversible error when over objection the trial court allowed lay witnesses to testify without foundation, knowledge and expertise to an essential element of the offense that involved medical diagnosis and prognosis.

### Assignment of Error No. 3

The trial court committed plain and reversible error when it convicted the defendant of felonious assault in violation of Section 2903.11 of the Revised Code when there was no competent evidence of serious physical harm.

### Assignment of Error No. 4

The trial court committed reversible error by failing to grant a Rule 29 motion to acquit at the conclusion of the states [sic] case as again argued after the conclusion of all the evidence on the grounds there was no competent evidence to suport [sic] a conviction of feloneous [sic] assault.

### Assignment of Error No. 5

The verdict was unsupported by and against the manifest weight of the evidence.

### *Assignment of Error No. 1*

{¶ 8} In his first assignment of error, Masters argues that the trial court erred in failing to dismiss this case when Masters was not afforded his right to a speedy trial pursuant to the Ohio and United States Constitutions and R.C. 2945.71.

{¶ 9} Both the United States and Ohio Constitutions guarantee a criminal defendant the right to a speedy trial. *State v. Baker* (1997), 78 Ohio St.3d 108, 110, 676 N.E.2d 883. Additionally, R.C. 2945.71 through 2945.73 provide specific time requirements in which the state must bring an accused to trial. Id. The Ohio speedy-trial statute is mandatory and constitutional and must be construed strictly against the state. *State v. Steinke*, 158 Ohio App.3d 241, 2004-Ohio-1201, 814 N.E.2d 1230, ¶ 5, citing *State v. Singer* (1977), 50 Ohio St.2d 103, 4 O.O.3d 237, 362 N.E.2d 1216. Pursuant to R.C. 2945.71(C)(2), a person against whom a felony charge is pending must be brought to trial within 270 days from the date of his arrest, not including the date of his arrest. *State v. Davenport*, 12th Dist. No. CA2005–01–005, 2005-Ohio-6686, 2005 WL 3454876, ¶ 7, citing *Baker*, 78 Ohio St.3d at 110, 676 N.E.2d 883. R.C. 2945.71(E), known as the "triple count provision" states that when an accused is held in jail in lieu of bail on the pending charge, each day shall be counted as three days. Id.

{¶ 10} Once a criminal defendant shows that he was not brought to trial within the permissible period, the accused presents a prima facie case for release. *State v. Steinke*, 158 Ohio App.3d 241, 2004-Ohio-1201, 814 N.E.2d 1230, ¶ 5, citing *State v. Caudill* (Dec. 2, 1998), 3d Dist. No. 05–97–35, 1998 WL 833729; see, also, *State v. Howard* (1992), 79 Ohio App.3d 705, 707, 607 N.E.2d 1121. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled or extended under the statute. *State v. Butcher* (1986), 27 Ohio St.3d 28, 31, 27 OBR 445, 500 N.E.2d 1368. Furthermore, a defendant's right to a speedy trial may be waived provided that such waiver is either expressed in writing or made in open court on the record. *State v. King* (1994), 70 Ohio St.3d 158, 637 N.E.2d 903, syllabus.

{¶ 11} Appellate review of speedy-trial issues involves a mixed question of law and fact. *State v. High* (2001), 143 Ohio App.3d 232, 242, 757 N.E.2d 1176. A reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence, but will independently review whether the trial court correctly applied the law to the facts of the case. Id.

{¶ 12} Our review of the record reveals that Masters was arrested on May 13, 2005. Time starts to run from the date of the arrest; however, the day of the arrest itself is not counted when computing the statutory time period. *State v. Stewart* (Sept. 21, 1998), 12th Dist. No. CA98–03–021, 1998 WL 640909. Therefore, the first date that counts for Masters's speedy-trial purposes is May 14, 2005.[2]

---

2. We note that at the May 13, 2005 arraignment, Masters was released on bond with the restriction that he have no contact with the victim. Accordingly, it is not necessary for us to

{¶ 13} On January 5, 2006, Masters requested a continuance of the January 12, 2006 trial date, which was granted by the trial court. Masters's motion for continuance also stated, "Defendant waives time herein." A defendant's motion for a continuance will toll the speedy-trial time period. R.C. 2945.72(H). Accordingly, in this case, the speedy-trial time period was tolled on January 5, 2006. Therefore, from May 14, 2005, to January 5, 2006, *237* days had elapsed for speedy trial purposes.

{¶ 14} On February 15, 2006, the trial court entered a second pretrial scheduling order and reset this matter for a jury trial on May 4, 2006. This order contained the exact language regarding continuances or substitution of counsel with the time-waiver provision as the court's September 28, 2005 pretrial scheduling order: "Continuances or substitution of counsel will not be granted within three (3) weeks of trial absent extraordinary circumstances. *If a continuance is requested, a time waiver must be submitted with same.*" (Emphasis added.)

{¶ 15} Therefore, the time between Masters's filing his motion for a continuance on January 5, 2006, and the May 4, 2006 jury trial date set by the court equals *119* days. This time is charged to Masters for speedy-trial purposes and tolls the calculation of the speedy-trial time.

{¶ 16} However, on April 12, 2006, the court's assignment commissioner sent notice to the parties advising them that the jury trial set for May 4, 2006, had been cancelled but that the matter had been rescheduled for a 15–minute hearing on that date.[3] At the May 4, 2006 hearing, the parties advised the court of their proposed negotiated plea and recommended sentence. However, the court advised the parties that the proposal would not be approved. On the same day, the trial court issued an order continuing this matter and resetting it for a jury trial on September 7, 2006.

{¶ 17} We note that the trial court's May 4, 2006 order of continuance and pretrial scheduling order contained the *exact same language* regarding continuances or substitution of counsel with the time-waiver provision as contained in the September 28, 2005, and February 15, 2006 pretrial scheduling orders: "Continuances or substitution of counsel will not be granted within three (3) weeks of trial absent extraordinary circumstances. *If a continuance is requested, a time waiver must be submitted with same.*" (Emphasis added.)

{¶ 18} On June 27, 2006, Masters filed a motion to dismiss, requesting that the court dismiss the indictment and all charges against him, because he had been

---

compute the amount of time that has elapsed for speedy trial purposes pursuant to the "triple count provision" of R.C. 2945.71(E).

**3.** This notice provided no reason why the May 4, 2006 jury trial was cancelled.

denied his right to a speedy trial. Specifically, Masters argued that he did not cause the delay that caused this matter to be set for trial outside of the 270-day requirement.

{¶ 19} The trial court denied Masters's motion to dismiss and found that Masters had previously waived his right to a speedy trial in his January 5, 2006 motion for continuance. The trial court found that this waiver acted as a waiver of unlimited duration because Masters's motion did not mention a specific time period to be waived.

{¶ 20} Masters now argues that the waiver contained in his January 5, 2006 motion for a continuance was not of unlimited duration. Rather, Masters contends that his motion for a continuance of the January 12, 2006 trial was for the limited purpose of allowing the parties the opportunity to pursue the possibility of resolving this matter without a trial. Masters further notes that when the trial court granted Masters's motion and rescheduled the trial date to May 4, 2006, the court's February 15, 2006 order doing so contained language specifically stating that any further continuances would require a time waiver. It is well established that in Ohio, a court speaks through its journal. *State ex rel Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183. As a result, Masters would argue that it is apparent from the language of the court's own order of continuance that the trial court did not consider Masters's January 5, 2006 time waiver to be a waiver of unlimited duration—and accordingly, it would not be appropriate for this court to construe it as such now.

{¶ 21} In sum, Masters argues that the stated purpose for the January 5, 2006 motion for continuance and time waiver expired when the trial court refused to accept the proposed plea bargain on May 4, 2006. Therefore, Masters argues that pursuant to his signed time waiver, the period from January 5, 2006, to May 4, 2006 was tolled. However, by the terms of the trial court's own judgment entry of continuance, time started to run again on May 4, 2006. Since 237 days passed between Masters's arrest and the date of his signed time waiver, and time started to run again on May 4, 2006, when Masters filed his motion to dismiss (June 27, 2006), 291 days had elapsed from the date of Masters's arrest. This is 21 days over the time limit set forth in R.C. 2945.71(C)(2), which provides that a person against whom a felony charge is pending must be brought to trial within 270 days from the date of his arrest. When Masters finally appeared for trial on September 7, 2006, 363 days had elapsed from the date of his arrest, which is 93 days over the 270-day time limit.

{¶ 22} In considering this argument, we would note that the record reflects that it was the court's assignment commissioner who advised the parties on April 12, 2006, that the May 4, 2006 trial date was cancelled. Although the

time within which an accused must be brought to trial may be extended by the period of any reasonable continuance granted other than upon the accused's own motion, such as a continuance granted by the court, we note that the trial court never journalized the reason for this cancellation. See R.C. 2945.72(H). The Ohio Supreme Court addressed this situation in *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, and stated in its syllabus as follows:

> When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance *and the reasons therefor* by journal entry prior to the expiration of the time limit prescribed in R.C.2945.71 for bringing a defendant to trial.

(Emphasis added).

{¶ 23} Additionally, in *State v. Benson* (1985), 29 Ohio App.3d 321, 323, 29 OBR 448, 505 N.E.2d 987, the Eighth District Court of Appeals set forth the requirements for continuing a trial when it found as follows:

> The test for whether a continuance *sua sponte* or otherwise, may extend the speedy trial limitation is whether the granting of the continuance is journalized and identifies the party to whom the continuance is chargeable. In the case of a *sua sponte* continuance, the reason therefor must also be indicated in the journal entry.

{¶ 24} Not only is the April 12, 2006 notice from the assignment commissioner silent as to the reasons for cancelling the May 4, 2006 jury trial, we also note that there is no transcript of the hearing that occurred on May 4, 2006, in place of the cancelled jury trial. Although the record indicates that the court did not accept the parties' plea agreement and continued the jury trial to September 7, 2006, the court's May 4, 2006 order of continuance and pretrial scheduling order does not identify the party to whom the continuance is chargeable and again contained language requiring that any further continuances must include a time waiver.

{¶ 25} In contrast to the foregoing argument and circumstances, the state points to *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, wherein the Supreme Court of Ohio held that a defendant's express written waiver of his statutory rights to a speedy trial may also constitute a waiver of speedy trial rights guaranteed by the United States and Ohio Constitutions. Id. at paragraph one of the syllabus. Specifically, the Supreme Court of Ohio held that "[f]ollowing an express, written waiver of unlimited duration by any accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial." Id. at paragraph two of the syllabus.[4] It is undisputed that Masters did

---

4. "The Supreme Court of Ohio in *O'Brien* did not favor us with the specific language therein found to be 'unlimited' in duration." See *State v. Scolaro* (1992), 73 Ohio App.3d 555, 558,

not file a formal written objection to the court's May 4, 2006 order, nor did he file a formal demand for trial.

{¶ 26} However, on June 27, 2006, Masters filed a motion to dismiss for failure to bring him to a timely trial. Although this motion contained no specific revocation of his prior blanket waiver or any specific indication that the ostensible purpose of the waiver, i.e., settlement, was no longer being pursued, it is nevertheless our conclusion that at the very least, the motion to dismiss should have unequivocally acted to notify the trial court that the prior waiver dated January 5, 2006, was now being revoked or withdrawn. As a result, the trial court should have considered, at the very least, that time could no longer be tolled after June 27, 2006.

{¶ 27} In sum, it is our conclusion that regardless of Masters's argument for a May 4, 2006 cut-off date, at the very latest, as of June 27, 2006, Masters no longer was willing to waive time, and time started to run again on June 28, 2006.[5]

{¶ 28} Thus, the relevant time calculation is as follows: 237 days passed between Masters's arrest and the date of his signed time waiver on January 5, 2006; time was tolled as of January 5, 2006, but at the latest should have started to run again on June 28, 2006; between June 28, 2006, and September 7, 2006, 72 days elapsed for speedy-trial purposes. Taken together, the 237 days that elapsed between Masters's arrest and the date of his signed time waiver on January 5, 2006, and the 72 days that elapsed between the date of Masters's motion to dismiss and the date he finally appeared for trial equals 309 days. This is 39 days over the 270–day time limit.

{¶ 29} Accordingly, under either interpretation set forth above, Masters was not brought to trial in time pursuant to R.C. 2945.71(C)(2), which provides that a person against whom a felony charge is pending must be brought to trial within 270 days from the date of his arrest.

{¶ 30} Accordingly, to this extent, Masters's first assignment of error is sustained. Based upon our disposition of Masters's first assignment of error, his second, third, fourth, and fifth assignments of error are moot, and we decline to address them. See App.R. 12(C).

---

597 N.E.2d 1184. In *Scolaro,* the Fifth District Court of Appeals held that the waiver in that case was a waiver of *limited and reasonable duration* and not a waiver of unlimited duration; therefore the waiver in *Scolaro* was distinguishable from the express waiver of unlimited duration as contained in *State v. O'Brien.*

**5.** We would note at this point the state would have had some 33 days remaining to bring Masters to trial.

{¶ 31} Accordingly, Masters's conviction for felonious assault is reversed and he is hereby ordered discharged.

Judgment reversed
and cause remanded.

ROGERS, P.J., and PRESTON, J., concur.