THE STATE OF OHIO, APPELLANT, *v.* MASTERS, APPELLEE.

[Cite as *State v. Masters,* 118 Ohio St.3d 1205, 2008-Ohio-1964.]

(No. 2007–1759—Submitted April 8, 2008—Decided April 30, 2008.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

{¶ 2} The court orders that the opinion of the court of appeals may not be cited as authority except by the parties inter se.

MOYER, C.J., and PFEIFER, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., concur in part and dissent in part.

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 3} Today this court dismisses this appeal as having been improvidently accepted and orders that the court of appeals' opinion in this case may not be cited as authority. I agree with the decision to dismiss this case as having been improvidently accepted as to the issue of the specificity of the waiver. However, because I believe that the issue of when the trial must occur was wrongly decided by the court of appeals, I respectfully dissent in part. In my view, if a criminal defendant files a speedy-trial waiver and later retracts it, a trial must occur within a reasonable time frame. R.C. 2945.71 does not control the issue.

{¶ 4} The following are the facts as stated by the court of appeals:

{¶ 5} "Defendant-appellant Scott Masters appeals from the October 24, 2006 judgment entry of the Court of Common Pleas, Crawford County, sentencing him to two years in prison for his conviction of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1).

{¶ 6} "This matter stems from events of April 20, 2005, in Crawford County. On this date, Masters went to the home of his friend, Larry Whittington, after receiving information from his wife that she and Larry had had an affair approximately 20 years ago. When Masters arrived at Larry's home, he became upset, lost his composure, and struck Larry in the face.

{¶ 7} "On May 10, 2005, the Crawford County Grand Jury indicted Masters on one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1). On May 13, 2005, Masters appeared for his arraignment and entered a plea of not guilty. Masters was released on bond with the restriction that he have no contact with the victim.

{¶ 8} "On September 28, 2005, the trial court entered a pretrial scheduling order and set this matter for a January 12, 2006 jury trial. [Footnote: The pretrial scheduling order also stated as follows: 'Continuances or substitution of counsel will not be granted within three (3) weeks of trial absent extraordinary circumstances. If a continuance is requested, a time waiver must be submitted with same.'] However, on January 5, 2006, Masters filed a motion requesting a continuance of the trial date. In his motion, Masters stated that the prosecutor joined in this request so as to allow the parties to pursue the possibility of resolving this matter without a trial. Masters also advised the court in the motion, 'Defendant waives time herein.' The trial court granted Masters's request for a continuance and ordered that the trial be reassigned by the court's assignment commissioner. Although this matter was initially reset for trial on May 4, 2006, the trial was subsequently continued to September 7, 2006.

{¶ 9} "On June 27, 2006, Masters filed a motion to dismiss the indictment and all charges against him, alleging that he had been denied his right to a speedy trial. This motion was denied by the trial court on June 30, 2006.

{¶ 10} "On September 1, 2006 Masters filed a jury-trial waiver. Accordingly, this matter proceeded to a trial to the court on September 7, 2006. At the close of evidence, the court found Masters guilty of felonious assault. On October 23, 2006, the trial court conducted Masters's sentencing hearing and sentenced him to two years in prison for his conviction." *State v. Masters,* 172 Ohio App.3d 666, 2007-Ohio-4229, 876 N.E.2d 1007, ¶ 1–6.

{¶ 11} Masters appealed, and the Court of Appeals for Crawford County reversed and remanded the cause, concluding that Masters had not brought to trial in time pursuant to R.C. 2945.71(C)(2), which provides that a person against whom a felony charge is pending must be brought to trial within 270 days from the date of his arrest. This court accepted a discretionary appeal by the state.

{¶ 12} This court now dismisses this appeal as having been improvidently accepted. Even though we have stated that the appellate decision is not to be cited, I write separately because I believe that we should reverse at least as to the court's holding on the time frame within which the trial must occur. Because I believe that the court of appeals used the incorrect standard for measuring the time within which the state must bring a defendant to trial after that defendant retracts a waiver of his speedy-trial rights, I dissent.

{¶ 13} After the defendant's retraction of his waiver, the court of appeals calculated the time period available to bring the defendant to trial by counting the remaining time period specified in R.C. 2945.71, rather than determining a reasonable time period as set forth in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

{¶ 14} This decision of the court of appeals in effect defines "a reasonable time period" as the time remaining under R.C. 2945.71, an interpretation that invalidates the meaning of a time waiver and will significantly undermine a trial court's ability to efficiently schedule criminal trials. The ruling by the court of appeals in this case would allow a defendant who has filed an express speedy-trial time waiver of indefinite duration to retract that waiver on the last day of his speedy-trial time, leaving the state unable to bring the defendant to trial. In my view, this interpretation defies not only *Barker v. Wingo*, but also common sense. I dissent to stress my belief that a reasonable time period is the standard in situations such as this, not the time remaining under the statute.

O'Donnell, J., concurs in the foregoing opinion.

_____

Stanley Flegm, Crawford County Prosecuting Attorney, and Clifford J. Murphy, Assistant Prosecuting Attorney, for appellant.

Patrick T. Murphy, for appellee.