OPINION {¶ 1} Defendant-appellant, Brian Sandera, appeals his criminal conviction from the Brown County Court of Common Pleas, asserting that his rights to a speedy trial were violated.
 {¶ 2} Appellant argues in his single assignment of error that the trial court erred in denying his June 11, 2007 motion to dismiss on speedy trial grounds.[1] In his motion before *Page 2 
the trial court, appellant specifically challenged the time that elapsed between May 8, 2006 and his trial date of June 25, 2007.
 {¶ 3} Ohio recognizes both a constitutional and a statutory right to a speedy trial. Section 10, Article I of the Ohio Constitution; Sixth andFourteenth Amendments to the United States Constitution.
 {¶ 4} R.C. 2945.71 through 2945.73 constitutes a rational effort to enforce a defendant's constitutional right to a public speedy trial and shall be strictly enforced by the courts of this state. State v.O'Brien (1987), 34 Ohio St.3d 7, 8-9.
 {¶ 5} R.C. 2945.71(C)(2) states that a person against whom a felony charge is pending must be brought to trial within 270 days from the date of his arrest, not including in the count the actual date of arrest. See, also, Crim. R. 45. R.C. 2945.71(E) provides that each day shall be counted as three days when the defendant is held in jail in lieu of bail on the pending charge.
 {¶ 6} Appellant was arrested on a one-count indictment on November 15, 2004, and released from confinement the next day. Appellant requested discovery on November 17, 2004, and received the state's response on November 23, 2004. Appellant filed a motion to suppress, and waived time from December 6, 2004 until the motion to suppress decision was decided. A hearing on the suppression motion was held July 14, 2005, and a decision overruling appellant's motion to suppress was filed July 28, 2005. Appellant requested a continuance of the December 2005 trial date and waived time until the "first setting." Appellant responded to the state's reciprocal request for discovery on May 1, 2006. The May 8, 2006 trial date was continued by agreement of the parties when an insufficient number of prospective jurors appeared for trial. Appellant filed a motion to dismiss the charge on June 11, 2007, which was denied June 22, 2007, and appellant's trial was held on June 25, 2007.
 {¶ 7} After considering the record of this case, we find that fewer than 20 days were *Page 3 
chargeable to the state up to the May 8, 2006 trial date for the following reasons.
 {¶ 8} Appellant requested discovery on November 17, 2004 and received discovery from the state shortly thereafter. See R.C. 2945.72(E) (time to bring defendant to trial may be extended by any delay necessitated by defendant's motion). Appellant did not provide discovery although requested and ordered to do so until May 1, 2006. See R.C. 2945.72(D) (time may be extended by any delay occasioned by the neglect of defendant); State v. Palmer, 112 Ohio St.3d 457, 2007-Ohio-374, syllabus (failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72[D]; trial court shall determine the date by which defendant should reasonably have responded to a reciprocal discovery request based on the totality of facts and circumstances of the case, including the time established for response by local rule, if applicable).
 {¶ 9} In addition to the discovery issue, appellant waived time from December 6, 2004 until his motion to suppress was decided, and never objected to the time that elapsed during the time the motion was pending. See State v. King, 70 Ohio St.3d 158, 160, 1994-Ohio-412
(defendant's express written waiver of his statutory rights to a speedy trial, made knowingly and voluntarily, also constitutes a waiver of his speedy trial rights guaranteed by the United States and Ohio Constitutions).
 {¶ 10} However, the time that elapsed after the May 8, 2006 trial date is problematic. Appellant's trial was set for May 8, but, as we previously noted, an insufficient number of prospective jurors appeared for the trial. The trial court and counsel agreed that the trial could not proceed and a continuance was granted. The trial court entry, signed by appellant's trial counsel, indicated that "IT IS FURTHER ORDERED that the speedy trial limits be tolled during the period of this continuance, pursuant to Section 2945.72(H)."
 {¶ 11} R.C. 2945.72(H) extends the time within which the defendant must be brought *Page 4 
to trial for the period of any continuance granted on the defendant's own motion, and the period of any reasonable continuance granted other than upon the defendant's own motion.
 {¶ 12} We stress that R.C. 2945.72 provides circumstances that extend or toll the time within which a defendant must be brought to trial, but do not involve an intentional relinquishment of the fundamental right to a speedy trial. See State v. Blackburn, 118 Ohio St.3d 163,2008-Ohio-1823, ¶ 17 (speedy time waivers are distinct from tolling provisions; a waiver relinquishes the right, at least until the waiver is withdrawn; the speedy trial statute may be tolled whether or not a waiver has been executed).
 {¶ 13} The time that elapsed from the continuance on May 8, 2006 to appellant's motion to dismiss, which tolled the time while that motion was pending, and from the date of the decision denying that motion to appellant's trial date was 402 days. The trial court provided a reasonable explanation in its entry as to why the May 8, 2006 trial date had to be continued, but the record does not provide a reasonable explanation why this case languished for more than a year thereafter.
 {¶ 14} We disagree with the trial court's finding that the rescheduling of the trial date upon the agreement of the parties after only 14 prospective jurors appeared for the trial would be considered a "retrial," and not subject to speedy trial provisions. Cf. State v.Hull, 110 Ohio St.3d 183, 2006-Ohio-4252 (R.C. 2945.71 does not apply to criminal convictions that have been overturned on appeal or retrials after a mistrial; such situations are subject to constitutional speedy trial review). Further, we do not agree that appellant executed a time waiver with this final continuance.
 {¶ 15} Since we must strictly construe the speedy trial statutes, we find that waiver was utilized earlier in this case when appellant waived time specifically until his motion to suppress was decided and when he previously continued the trial date in 2005 for the next "setting." However, the continuance granted on May 8, 2006 was a tolling event under *Page 5 
R.C. 2945.72(H), in accordance with the language of the trial court's own entry. In addition, the transcript from May 8, 2006 indicates that appellant's trial counsel stated that he understood that the "continuance would toll the speedy trial time." The trial court stated that all parties agreed to extend the speedy trial times "so that we may reschedule this case at the next available opportunity, so that there won't be any speedy trial issues."
 {¶ 16} The length of time from arrest to trial in this case is troubling. The delay in the progression of this case in the early stages is attributable to appellant's motions, limited waivers, and neglect with respect to reciprocal discovery. We cannot condone the length of time that elapsed after the May 8, 2006 trial date was continued so that an adequate number of jurors could be secured.
 {¶ 17} The state should have brought appellant to trial long before the additional year elapsed and the length in that delay was unreasonable. The trial court erred in failing to find appellant's speedy trial rights were violated. Cf. State v. Baker, Fayette App. No. CA2005-05-017, 2006-Ohio-2516 (time spent by trial court determining issues raised by defendant in reference to the statutory tolling provisions does not count against speedy trial limit so long as time is not excessive and unjustified by record; appellate court considered reasonable time to determine accused's motions as set forth in Rules of Superintendence for Courts of Ohio at 120 days when waiver not involved); compare State v. Scolaro (1992), 73 Ohio App.3d 555 (even though defendant actually executed a waiver of "some duration," the failure to "call" or schedule defendants for trial for two years was facially unreasonable where trial court accepted burden of scheduling trial after it took reasonable time to assess impact of recent case law).
 {¶ 18} Appellant's single assignment of error is sustained.
 {¶ 19} The trial court's judgment is reversed and appellant is ordered discharged *Page 6 
pursuant to R.C. 2945.73(B).
BRESSLER and POWELL, JJ., concur.
[1] We note that appellant's brief does not contain a discussion of the constitutional right to a speedy trial and does not discuss the factors set forth in Barker v. Wingo (1972), 407 U.S. 514, 530,92 S.Ct. 2182. *Page 1