[Cite as *State v. Wright*, 2017-Ohio-1479.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                            Court of Appeals No. E-15-044

      Appellee                                   Trial Court No. 2012-CR-374

v.

Emmanuel Wright                                   **DECISION AND JUDGMENT**

      Appellant                                   Decided: April 21, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mary Ann Barylski, Chief Assistant Prosecuting Attorney,
for appellee.

Mary Elaine Hall, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Emmanuel Wright, appeals from the July 29, 2015 judgment of

the Erie County Court of Common Pleas convicting him of theft, a violation of R.C.

2913.02(A) (3), and passing bad checks, a violation of R.C. 2913.11(B). The convictions

were merged for purposes of sentencing. Appellant was ordered to pay restitution of $3,215 and was sentenced to 12 months of imprisonment. For the reasons which follow, we affirm.

{¶ 2} On appeal, appellant asserts the following assignments of error:

ASSIGNMENT OF ERROR NO. 1

Whether the trial court committed statutory [sic] when it **enlarged** the time in which the State could bring the case to trial, based upon 2 trial defense counsel's [Christopher Carroll & Timothy Dempsey's] several Motions for Continuance [see Docket Entries/Appendix 2] and the defendant-appellant's Waiver of Speedy Trial dated 10/27/2014 under R.C. 2945.71 [Appendix 3] in disregard of the Defendant's Motion for Speedy Disposition [Appendix 4] and separate right to Speedy trial under R.C. 2941.401 4 offenders already incarcerated for prior convictions? See R.C. 2945.71 (F).

ASSIGNMENT OF ERROR NO. 2

Whether the defendant-appellant's, Emmanuel Wright's [sic] second defense trial counsel, Mr. Timothy Dempsey, Esq. provided ineffective assistance of counsel when he failed to proffer a motion to dismiss the case for lack of statutory and constitutional jurisdiction after the trial court let the 180 day Motion for Disposition lapse?

2.

ASSIGNMENT OF ERROR NO. 3

Whether the trial court violated the defendant-appellant's, Emmanuel Wright's [sic] federal right to a speedy trial pursuant to the Sixth Amendment to the U.S. Constitution based upon two trial defense counsel's [Christopher Carroll and Timothy Dempsey's] several Motions for Continuance [see Docket Entries/Appendix 2] and the defendant signed Waiver of Speedy Trial dated 10/27/2014?

{¶ 3} In 2012, appellant was first charged with a felony offense in Lucas County and was released on bond when he was indicted September 12, 2012, in Erie County on two counts, theft and passing bad checks. A warrant was issued for his arrest on the same day. Appellant was arraigned on September 27, 2012. He entered a plea of not guilty and bond was continued. A pretrial hearing was scheduled for October 22, 2012, but appellant failed to appear and a continuance was granted at the request of appellant's appointed counsel. The next two scheduled pretrial hearings, December 3, 2012 and January 14, 2013, were also continued at the request of appellant's counsel. There is no explanation in the record of the reason why counsel sought the continuances. The fourth scheduled pretrial hearing, February 11, 2013, was continued at counsel's request because appellant was incarcerated in the Lucas County Jail. When appellant failed to appear for the next scheduled pretrial hearing on March 25, 2013, the trial court ordered the bond canceled and a bench warrant was issued for appellant's arrest. From that time

3.

until trial, appellant was incarcerated either in the Lucas County Jail or the London Correctional Institution.

{¶ 4} Almost one year later, on January 24, 2014, the trial court issued a judgment entry noting appellant was incarcerated in another jurisdiction. A pretrial hearing was scheduled for February 10, 2014, but counsel's motion for a continuance was granted. The trial court scheduled another pretrial hearing for March 17, 2014, a final plea hearing on April 14, 2014, and trial on April 22, 2014.

{¶ 5} At the March 17, 2014, pretrial hearing, the final plea hearing was confirmed for April 14, 2014, and a jury trial date for April 22, 2014. At the April 14, 2014 final plea hearing, appellant and his attorney both confirmed the breakdown of their attorney-client relationship and appointed counsel orally moved to withdraw. Consequently, the final plea hearing and trial date were vacated. The court held the speedy trial time was tolled until the next scheduled jury trial date, to which appellant entered a pro se objection. New counsel was appointed April 25, 2014, and a pretrial hearing was set for May 12, 2014.

{¶ 6} Appellant's counsel moved for a continuance of the May 12, 2014, pretrial hearing on the ground that new counsel had just been assigned to the case. The pretrial hearing was rescheduled for June 9, 2014. The next day, appellant moved for speedy disposition of pending case pursuant to R.C. 2941.401, 2945.71, and 2945.73.

{¶ 7} Afterward, appellant's counsel moved for continuance of the June 9, 2014 pretrial conference because counsel needed to investigate the case further. The trial court

4.

granted a continuance to July 28, 2014. In the interim, appellant also moved for amendment of the bond conditions, authority to retain an expert at state expense, a motion to suppress evidence, and a motion in limine.

{¶ 8} Again, on July 28, 2014, appellant's counsel moved for a continuance of the pretrial hearing scheduled for that day because the court had not yet ruled on appellant's motions. A new court schedule was set and an evidentiary hearing for the motion to suppress was scheduled for October 2, 2014. The final plea hearing was scheduled for October 27, 2014 and a jury trial for November 4, 2014.

{¶ 9} On October 2, 2014, the court was involved with another jury trial. Because the trial court had no court date available for the evidentiary hearing prior to the final plea hearing and jury trial dates, the court scheduled the evidentiary hearing for February 5, 2015.

{¶ 10} On October 27, 2014, the final plea hearing and November 4, 2014 trial were continued at the request of appellant's counsel. At that time, appellant executed a speedy trial waiver. The final plea hearing was rescheduled for February 9, 2015, and the jury trial for February 24, 2015. The trial was rescheduled again on February 24, 2015, to May 19, 2015, because the trial court was engaged in another criminal trial.

{¶ 11} On February 5, the court granted the state's motion for a continuance of the evidentiary hearing because the witnesses failed to appear. The evidentiary hearing was rescheduled for February 19, 2015.

5.

{¶ 12} On May 15, 2015, the trial court entered a judgment continuing the trial until July 7, 2015 because the court was again involved in a jury trial in another case. Appellant's trial occurred on July 7-9, 2015, and he was convicted on both counts.

**First and Second Assignments of Error**

{¶ 13} In his first assignment of error, appellant argues that the continuances requested by his first and second appointed counsel were unreasonable and, therefore, appellant was denied his speedy trial right guaranteed by R.C. 2941.401, 2945.71(C)(2), and the U.S. Constitution. Appellant argues in his second assignment of error that his second appointed counsel should have followed up on his demand for a speedy disposition filed May 15, 2014, pursuant to R.C. 2941.401, and demanded that appellant be brought to trial by October 14, 2014. Therefore, appellant argues, the indictment against him is void and the trial court lacked jurisdiction to conduct any proceedings after October 14, 2014. We have consolidated these assignments of error for our review.

{¶ 14} Generally, a defendant charged with a felony must be brought to trial within 270 days after their arrest. R.C. 2945.71(C)(2). However, a defendant incarcerated in an Ohio correctional institution while an untried indictment is pending, may demand that his speedy trial time be accelerated to 180 days. R.C. 2941.401. If the defendant is not tried within that time limit, the conviction must be set aside, the sentence vacated, and the indictment dismissed. *State v. Boone*, 8th Dist. Cuyahoga No. 81155, 2003-Ohio-996, ¶ 12. The state concedes that appellant complied with the statute and

6.

gave the required notice of his incarceration and requested an accelerated speedy trial on May 15, 2014.

{¶ 15} Appellant's first counsel withdrew April 25, 2014, which was prior to appellant's demand for an accelerated speedy trial. Since no R.C. 2945.73(B) motion for dismissal based on the violation of speedy trial rights under R.C. 2945.71(C) was filed prior to trial, any issue related to that statute has been waived except for plain error. *State v. Wood*, 2d Dist. Montgomery No. 26134, 2016-Ohio-143, ¶ 22; Crim.R. 52(B). We find no plain error in this case because there is nothing in the record to support a finding that the continuances requested were unreasonable or unnecessary. We note that several of the continuances filed by appellant's first attorney were necessitated by appellant's failure to appear at the scheduled pretrial hearings.

{¶ 16} As for appellant's second appointed counsel, he filed several motions for continuances without explanation, a motion to retain an expert at state expense, a motion in limine, and a motion to suppress. Because the issue of whether a defendant's speedy trial rights under R.C. 2941.401 is jurisdictional, the right to a speedy trial under that statute can be raised at any time. *State v. Hubbard*, 12th Dist. Butler No. CA2014-03-063, 2015-Ohio-646, ¶ 28, citing dicta in *State v. Bellman*, 86 Ohio St.3d 208, 210, 714 N.E.2d 381 (1999). *Compare State v. Taylor*, 7th Dist. Columbiana No. 08 CO 36, 2011-Ohio-1001, ¶ 13; *State v. Schmuck*, 3d Dist. Hardin No.6-08-13, 2009-Ohio-546, ¶ 14-15; *State v. Howard*, 79 Ohio App.3d 705, 708, 607 N.E.2d 1121 (8th Dist.1992).

7.

{¶ 17} Appellant bears the burden of proving that his counsel was ineffective since an attorney is presumed competent. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *State v. Lott*, 51 Ohio St.3d 160, 174, 555 N.E.2d 293 (1990). To meet this burden of proof, appellant must show that: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty in that there is a reasonable probability of a different result in the case. *Strickland, supra*, at 687 and *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). When the claims of ineffective assistance of counsel are based upon facts outside the appellate record, the issue must be raised in a petition for postconviction relief, not on appeal. *State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001). In this case, appellant has failed to meet his burden to establish his counsel rendered ineffective assistance by requesting unnecessary and unreasonable continuances.

{¶ 18} There is nothing in the record to support a finding that these motions were unreasonable or unnecessary. We also agree with the state that there is no requirement under R.C. 2941.401 that the trial court evaluate the appropriateness for filing such motions. We also find there was no basis for filing a motion to dismiss on speedy trial grounds on October 14, 2014.

{¶ 19} Appellant's first and second assignments of error are found not well-taken.

8.

**Third Assignment of Error**

{¶ 20} In his third assignment of error, appellant argues he was denied his Sixth Amendment right to speedy trial because he was not brought to trial for 418 days after he demanded a trial within 180 days pursuant to R.C. 2941.401.

{¶ 21} The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, entitles criminal defendants to a constitutional right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 515-516, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Dickey v. Florida,* 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). The duty to bring a defendant to trial falls on the state. *Barker* at 527. Because the right to a speedy trial is an indeterminate right, each case must be evaluated on its own facts to determine if the defendant's constitutional speedy trial right was violated. *Id*. at 523. The court must balance all relevant factors including: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id*. at 530.

{¶ 22} The first factor requires that appellant show the time from accusation to trial exceeded what was ordinary and, therefore, was a presumptively prejudicial delay, the "triggering mechanism" for the need to review the remaining three factors. *Doggett v. United States*, 505 U.S. 647, 655-656, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *Barker* at 530. In this case, the actions of appellant's first appointed counsel did not impact the delay which occurred after appellant made his demand for an accelerated 180-day speedy trial. The delay from appellant's demand for an accelerated trial until the date of his trial

9.

was 418 days. Because this time significantly exceeded 180 days, we find appellant has established a presumptively-prejudicial delay. Therefore, we must consider whether the extra 238 days constituted a prejudicial delay due to the actions of appellant's second appointed counsel and the prosecution.

{¶ 23} Appellant argues that we should consider only the fact that 238 days passed, not the reason for the delays. We disagree. The second *Barker* factor we must consider is the reason for the delay in bringing appellant to trial in determining whether appellant's constitutional speedy trial right was violated.

{¶ 24} The accelerated speedy trial time began to run as of May 15, 2014, and ended on the date of trial, July 7, 2015, which was 418 days later. However, the speedy trial time was tolled from May 14, 2014, to at least the motion to suppress hearing scheduled for February 5, 2015, due to appellant's motions for continuances and included appellant's execution of a speedy trial waiver for a portion of that time, or 267 days. We have already discussed that appellant has not identified any evidence in the record that the motions filed by his counsel were unnecessary or unreasonable. The remainder of the continuances were due to the state's one request because witnesses failed to appear for the evidentiary hearing and the trial court's crowded docket (February 24 to July 7, 2015, or 133 days). Compared to the continuances requested or caused by appellant, the continuances due to the trial court's docket are not unreasonably long. Therefore, the second factor weighs against finding a violation of appellant's constitutional speedy trial right.

10.

**{¶ 25}** The third factor is defendant's assertion of his right to a speedy trial. Clearly in this case, appellant asserted his right to demand a trial within 180 days, but he did not move to dismiss his case prior to trial. We have already held there is no evidence in the record to support a finding that his counsel rendered ineffective assistance in the defense of appellant's case by not filing such a motion. When we consider the reasons for the continuances under state law, appellant was timely brought to trial. Therefore, this factor weighs against finding a violation of appellant's constitutional speedy trial right.

**{¶ 26}** The final factor is whether appellant was prejudiced by the delay. We consider three types of prejudice that may arise from a lengthy delay: (1) "oppressive pretrial incarceration;" (2) "anxiety and concern of the accused;" and (3) the "possibility that the accused's defense will be impaired" by dimming memories and the loss of exculpatory evidence. *Barker*, 407 U.S. at 532, 92 S.Ct. 2182, 33 L.Ed.2d 101.

**{¶ 27}** Appellant argues that he did not have to show actual prejudice. We disagree in part. Generally, the defendant must identify the elements of prejudice that occurred because of the delay in bringing him to trial. *United States v. Howard*, 218 F.3d 556, 564 (6th Cir.2000). However, there can be situations where an excessive delay "presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett*, 505 U.S. at 655-656, 112 S.Ct. 2686, 120 L.Ed.2d 520. This case did not involve the unusual situation suggested in the *Doggett* case.

11.

{¶ 28} In this case, appellant was incarcerated on another charge during the majority of the time required for the criminal proceedings. Therefore, there was no oppressive pretrial incarceration involved in this case.

{¶ 29} There was also no evidence of specific anxiety or concern by appellant on the record since the delays were primarily caused by appellant's defense. While appellant argues that his counsel alone was responsible for these continuances, we have already concluded that counsel did not render ineffective assistance. Furthermore, we find significant the fact that several of the early continuances were necessitated by appellant's failure to appear at pretrial hearings. It was not until appellant was incarcerated on another charge that his appearance was secured. Even with respect to the breakdown in a relationship with his first appointed counsel, there is nothing in the record to suggest that the breakdown in the relationship was due to a disagreement about seeking continuances. The changing of attorneys, for appellant's benefit, also caused additional delay in this case. Appellant also waived his speedy trial rights for a short period.

{¶ 30} Finally, there is no argument by appellant as to how the delay impaired his defense. This was not a complicated case. Appellant's defense was based on misidentification and an alibi. While there is always inherent prejudice from the delay of a trial, we find the delay here was more likely to have prejudiced the state's prosecution because the memories of the state's witnesses could have faded by the time of trial. Therefore, this factor does not weigh heavily in our balancing of the *Barker* factors.

12.

**{¶ 31}** After weighing the *Barker* factors, we conclude the delay in this case does not violate appellant's constitutional right to a speedy trial. Appellant's third assignment of error is not well-taken.

**{¶ 32}** Having found the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is hereby ordered to pay the court costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                      _____

JUDGE

Thomas J. Osowik, J.           

_____

Christine E. Mayle, J.              JUDGE
CONCUR.

_____

JUDGE