[Cite as *State v. McCaleb*, 2017-Ohio-6944.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                                         :

      Plaintiff-Appellee,                          :
                              CASE NO. CA2016-12-103

                                     :
                                        O P I N I O N
  - vs -                         :         7/24/2017

                                       :

JOSEPH K. McCALEB,                                 :

      Defendant-Appellant.                      :

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CR31877

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Jeffrey W. Stueve, 301 East Silver Street, Lebanon, Ohio 45036, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Joseph K. McCaleb, appeals from a decision of the Warren County Court of Common Pleas, denying his motions to dismiss the indictment.

{¶ 2} On October 6, 2011, McCaleb was charged by complaint in the Warren County Court with two counts of forgery and one count of receiving stolen property, all fifth-degree felonies. A warrant for McCaleb's arrest was also issued on the charges on October 6, 2011. The arrest warrant listed McCaleb's Franklin, Ohio address, where he resided at the time

subject to a house arrest order issued by the state of Indiana. The state also had knowledge of McCaleb's telephone number, social security number, and date of birth. Nonetheless, the arrest warrant was not served upon McCaleb.

{¶ 3} McCaleb remained at his Franklin, Ohio home until December 1, 2011, when he was sentenced and incarcerated in an Indiana correctional institution upon Indiana charges. McCaleb remained incarcerated in Indiana until February 28, 2012, when he was transferred to Kentucky upon charges he faced in that state. Thereafter, McCaleb was imprisoned in Kentucky until May 1, 2015, when he was released and returned to his Franklin, Ohio home on parole to the Ohio Adult Parole Authority. McCaleb was released from parole on December 1, 2015. The forgery and receiving stolen property felony charges filed against McCaleb on October 6, 2011 and the arrest warrant on those charges remained pending.

{¶ 4} On February 16, 2016, McCaleb filed a motion in the Warren County Court to revoke the forgery and receiving stolen property arrest warrants and to dismiss those charges. On March 24, 2016, McCaleb was arrested on the forgery and receiving stolen property charges. McCaleb was released and a preliminary hearing was scheduled. McCaleb waived a preliminary hearing on all three charges, which were bound over to the grand jury and, on May 9, 2016, he was indicted for two counts of fifth-degree felony forgery and one count of first-degree misdemeanor receiving stolen property.

{¶ 5} On May 27, 2016, McCaleb, acting pro se filed a motion to dismiss the indictment on the basis that the delay in bringing him to trial since October 2011 violated his right to a speedy trial. On August 23, 2016, McCaleb's defense counsel filed a supplemental motion to dismiss, alleging a violation of McCaleb's constitutional rights due to the delay in bringing him to trial on the charges. On September 7, 2016, the trial court denied McCaleb's motions to dismiss, finding that, despite the "presumptively prejudicial" length of the delay and McCaleb's apparent inability to assert his right to a speedy trial, the delay was

occasioned by McCaleb's incarceration in Indiana and Kentucky, the state did not delay prosecution to obtain a strategic advantage in the prosecution of the matter, and McCaleb had not demonstrated that he was prejudiced by the delay. McCaleb appealed the denial of his motions to dismiss on September 12, 2016. On October 6, 2016, this court dismissed McCaleb's appeal for want of a final appealable order. *State v. McCaleb*, 12th Dist. Warren CA2016-09-078 (Oct. 5, 2016) (Entry of Dismissal). Thereafter, McCaleb entered a plea of no contest on November 1, 2016 to the forgery charges, the receiving stolen property charge was dismissed, and McCaleb was sentenced. McCaleb appeals, asserting a single assignment of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO DISMISS.

{¶ 8} McCaleb asserts the state violated both his statutory speedy trial rights, as established by R.C. 2945.71(C)(2), and his constitutional speedy trial rights, as guaranteed by the United States and Ohio Constitutions. Additionally, McCaleb asserts a violation of his due process rights because he suffered actual prejudice due to a delay in prosecution.

{¶ 9} The Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee the right to a speedy trial. The statutory speedy trial provisions set forth by R.C. 2945.71 are coextensive with the constitutional speedy trial provisions. *State v. King*, 70 Ohio St.3d 158, 160 (1994). The statutory scheme "constitute[s] a rational effort to enforce the constitutional right to a * * * speedy trial * * * and [must] be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218 (1980), syllabus. R.C. 2945.71(C)(2) provides "[a] person against whom a charge of felony is pending * * *[s]hall be brought to trial within two hundred seventy days after the person's arrest." When an appellant raises a violation of a speedy trial issue, an appellate court must

compute a "try-by date." *State v. Watkins*, 12th Dist. Warren No. CA2013-02-017, 2014-Ohio-177, ¶ 13. "The court of appeals must count the days of delay chargeable to either side and determine whether the case was tried within the statutory time limits." *Id.* This review presents a mixed question of law and fact. *Id.* We defer to the trial court's findings of fact, if supported by competent, credible evidence, and then, independently review whether the trial court properly applied the law to those facts. *Id.*

{¶ 10} McCaleb contends his statutory speedy trial rights were violated because his case has been pending since the filing of the complaint on October 6, 2011. Thus, after excluding the days of his Indiana and Kentucky incarcerations, the state failed to satisfy the 270-day statutory speedy trial requirement. However, it is well-established that "[a] party who fails to raise an argument in the court below waives his or her right to raise it" on appeal. *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34. Contrary to McCaleb's assertion otherwise, McCaleb did not argue the state violated his statutory speedy trial rights in his motions to dismiss; therefore, he waived the issue except for plain error. *State v. Roy*, 12th Dist. Butler No. CA2009-12-305, 2010-Ohio-5528, ¶ 17; *State v. Wright*, 6th Dist. Erie No. E-15-044, 2017-Ohio-1479, ¶ 15.

{¶ 11} McCaleb mentions R.C. 2945.71 once in his motions to dismiss. However, he refers to the statute only in discussing a case where the statutory speedy trial period was referenced as an example of a presumptively prejudicial delay pursuant to his constitutional speedy trial analysis. McCaleb's motion even distinguishes his Ohio statutory rights by stating: "[a]lthough statutory periods exist in Ohio, those statutory periods of limitations are not relevant to a determination of whether an individual's constitutional right to a speedy trial has been violated by an unjustified delay in prosecution." It is apparent that McCaleb did not allege a violation of the statutory right to a speedy trial.

{¶ 12} Although McCaleb's brief does not argue plain error due to a failure to observe

his statutory right to a speedy trial, we find no error, plain or otherwise. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Plain error does not exist unless the error is obvious and but for the error, the outcome of the trial would have been different. *State v. Blacker*, 12th Dist. Warren No. CA2008-07-094, 2009-Ohio-5519, ¶ 39. Notice of plain error is taken with the utmost caution and only under exceptional circumstances to prevent a manifest miscarriage of justice. *Id.*

{¶ 13} In arguing on appeal a violation of his statutory speedy trial rights, McCaleb contends the time for the state to meet its 270-day obligation began to run upon the filing of the complaint. However, in so doing, McCaleb fails to distinguish between two requisites within R.C. 2945.71(C)(2) for commencement of the speedy trial clock. The plain language of the statute states when a felony charge is *pending* against a person, that person shall be brought to trial within 270 days *after the person's arrest*. Therefore, pendency of the charge and arrest upon the charge must coincide before the speedy trial time will commence to run.

{¶ 14} McCaleb argues an Ohio Supreme Court opinion found the concepts synonymous by holding "for purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance." *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, ¶ 21. However, the Ohio Supreme Court's holding does not stand for McCaleb's contention; but rather, the holding defines only the "pendency" element of R.C. 2945.71(C)(2).

{¶ 15} "Generally, when an accused is charged with a felony, he must be brought to trial within 270 days *after the date of his arrest* * * * not includ[ing]" the day of the arrest. (Citation omitted and emphasis added.) *State v. Messer*, 12th Dist. Clermont No. CA2006-10-084, 2007-Ohio-5899, ¶ 12. Therefore, McCaleb's arrest date, March 24, 2016, is the

coincidence date of the pendency of the charges and arrest upon the charges, and thus, the date when his statutory speedy trial time began to run.

{¶ 16} On May 27, 2016, McCaleb filed his motion to dismiss the charges, which tolled time until the trial court denied his motion on September 7, 2016. R.C. 2945.72; *State v. Cox*, 12th Dist. Clermont No. CA2008-03-028, 2009-Ohio-928, ¶ 20. Time was tolled again from September 12, 2016, when McCaleb filed a notice of appeal, to October 6, 2016, when we dismissed the appeal for lack of a final appealable order. R.C. 2945.72. McCaleb then enter his no contest plea on November 1, 2016. Thus, 64 days elapsed from the time of McCaleb's arrest and release on March 24, 2016 until the filing of his motion to dismiss on May 27, 2016, five days elapsed from the trial court's denial of his motion to dismiss on September 7, 2016 until the filing of his notice of appeal on September 12, 2016, and 26 days elapsed from our dismissal of his appeal on October 6, 2016 until his no contest plea on November 1, 2016. Therefore, no violation of McCaleb's statutory speedy trial rights occurred because he was tried within 95 days of his arrest.

{¶ 17} Next, we turn to McCaleb's argument the state violated his constitutional speedy trial rights. The primary intention of the Sixth Amendment is not to prevent prejudice to the defense caused by the passage of time. *United States v. Macdonald*, 456 U.S. 1, 8, 102 S.Ct. 1497 (1982). Rather, "that interest is protected primarily by the Due Process Clause and by statutes of limitations." *Id.* "The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *Id.* A court must undertake a four-part balancing test to determine whether the state has violated an accused's constitutional speedy trial rights. *State v. Triplett*, 78 Ohio St.3d 566, 568 (1997), citing *Barker v. Wingo*, 407 U.S. 514, 530-32, 92 S.Ct. 2182 (1972).

The four factors include (1) the length of the delay, (2) the reason the government assigns to justify the delay, (3) the defendant's responsibility to assert his right to a speedy trial, and (4) the prejudice to the defendant. *Id.*

{¶ 18} The first factor, the length of the delay, is a "triggering mechanism" that determines the necessity to inquire into the remaining factors. *Triplett* at 569. The Ohio Supreme Court in *Triplett* stated, "one year is generally considered enough" to be presumptively prejudicial and trigger an inquiry into the other three factors. *Id.*, citing *Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686 (1992). As in *Triplett*, the delay for McCaleb exceeded four years, but did not result in any infringement on McCaleb's liberty, as he testified he was unaware of any pending charges against him. As discussed above and as *Triplett* held, "[t]he interests which the Sixth Amendment was designed to protect * * * were not issues in this case." *Triplett* at 569. Therefore, while the first factor does weigh in favor of McCaleb, the weight is negligible.

{¶ 19} With respect to the second factor, the reason for the delay, the record supports the trial court's finding that nothing suggests the state intentionally or with bad faith delayed prosecution of the matter. Rather, the record fails to reveal anything beyond prosecutorial negligence. The state certainly had sufficient information as to McCaleb's address and identifying information to locate him at his home or while incarcerated in Indiana and Kentucky. However, the record does not demonstrate the state took any efforts to move forward with the prosecution during this time. Although negligence is weighed more lightly than a deliberate intent to harm the accused's defense, "it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun," and compounds over time as the presumption of evidentiary prejudice grows. *Doggett v. United States*, 505 U.S. 647, 657, 112 S.Ct. 2686 (1992). Therefore, we find the second factor weighs in McCaleb's favor.

{¶ 20} The third factor, whether and how McCaleb asserted his speedy trial right, cannot be weighed against him. McCaleb initially asserted his right on May 27, 2016, approximately two months after his arrest on March 24, 2016. McCaleb testified he was unaware of the pendency of the charges until his arrest; thus, any failure in asserting his speedy trial rights at an earlier time cannot be held against him. *State v. Triplett* at 570; *State v. Owens*, 2d Dist. Montgomery No. 23623, 2010-Ohio-3353, ¶ 14 (declining to weigh third factor against defendant where the record contained uncontroverted testimony explaining the defendant was unaware of the charges during the delay).

{¶ 21} The final *Barker* factor requires consideration of the prejudice to McCaleb due to the delay. There are three interests protected by the Sixth Amendment right to a speedy trial: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) the possibility that the accused's defense will be impaired. *Barker v. Wingo*, 407 U.S. 514, 532, 92 S.Ct. 2182 (1972). This case does not implicate the first two interests because McCaleb was neither incarcerated upon the charges nor aware of their pendency during the delay.

{¶ 22} With regards to the third interest, McCaleb testified he may have had difficulty finding witnesses for his defense and that his memory may have faded over time. However, McCaleb failed to identify these witnesses and he did not testify regarding any unsuccessful efforts to locate them. Therefore, McCaleb's asserted difficulty in preparing a defense is nothing more than mere speculation, which is "not sufficient to show prejudice." *State v. Hubbard*, 12th Dist. Butler No. CA2014-03-063, 2015-Ohio-646, ¶ 24 (finding defendant's speculation witnesses may have moved without any knowledge to verify, or even suggest, the witnesses moved, insufficient to show prejudice); *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, ¶ 21 (explaining the difference between speculative prejudice and demonstrating faded memories, actually unavailable witnesses, and lost evidence); *see also Doggett* at 655 (discussing defendant's inability to affirmatively show the delay weakened his

ability to put on a defense). Furthermore, the evidence against McCaleb is overwhelming. McCaleb confessed to the crimes and he is shown on surveillance video depositing the stolen money orders. McCaleb has not explained how the delay in bringing him to trial has impaired his ability to controvert this evidence. Therefore, the final *Barker* factor weighs against McCaleb.

{¶ 23} Courts may decline to find a speedy trial violation where delay attributable to the negligence of the state is presumptively prejudicial, but not exceedingly long, absent actual prejudice to the defendant where the record supports such a conclusion. *Hubbard* at ¶ 25. While the length of the delay weighs in McCaleb's favor, that weight, as discussed above, is negligible, as the interests the Sixth Amendment protects against were not implicated in this case. Moreover, the record does not indicate the delay was due to anything other than prosecutorial negligence, nor does it support a finding McCaleb suffered any actual prejudice. Therefore, the trial court did not err by denying McCaleb's motions to dismiss because the state did not violate McCaleb's speedy trial rights.

{¶ 24} Finally, McCaleb asserts a due process violation based on alleged actual prejudice he suffered. However, as discussed above, the trial court properly found McCaleb did not suffer any actual prejudice. Thus, McCaleb's asserted error on due process grounds is meritless.

{¶ 25} Accordingly, McCaleb's sole assignment of error is overruled.

{¶ 26} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.