[Cite as *State v. North*, 2017-Ohio-492.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-06-119 |
| | : | O P I N I O N |
| - vs - | | 2/13/2017 |
| | : | |
| ALPHONSO NORTH, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-08-1324

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Michele Temmel, 11094 Main Street, Sharonville, Ohio 45241, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Alphonso North, appeals from his convictions in the Butler County Court of Common Pleas for possession of cocaine, obstructing official business, and possession of marijuana, arguing that the trial court erred in denying his motion to dismiss the indictment on speedy-trial grounds. For the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2} Around 2:12 a.m. on August 18, 2015, appellant was observed committing

moving and equipment violations while operating his motor vehicle. Butler County Deputy Sheriff Steve Tanner II initiated a traffic stop after appellant pulled into a Meyer's gas station parking lot in Hamilton, Ohio. During the stop, it was discovered that appellant was operating the vehicle without a valid driver's license and he had outstanding warrants for his arrest. When Tanner attempted to handcuff appellant, appellant resisted and ran away. Appellant was subsequently caught, arrested, and a pat-down was conducted before appellant was secured in Tanner's patrol car. During the pat-down, marijuana and cocaine were found on appellant's person.

{¶ 3} Tanner conducted an inventory search of appellant's vehicle. Tanner found a wheelchair and approximately 20 pairs of Dickie pants, five hats, several whistle-style keychains, and a few bottle openers, all with Walmart tags attached, laying loose in appellant's vehicle. Appellant claimed to have "got[ten] them from somebody walking down the street." Tanner was suspicious of appellant's story, as the local Walmart in Hamilton was closed at this time.

{¶ 4} Tanner contacted dispatch and asked that the Fairfield Township Walmart be contacted to see if there had been a theft at that location. The Fairfield Walmart was located approximately 15-to-20 minutes away from the gas station where appellant was arrested. Tanner was informed by dispatch that "Fairfield Township would be looking into it" and that a Fairfield Township officer was on his way to collect the Walmart items from appellant's vehicle.

{¶ 5} Tanner filed charges in Hamilton Municipal Court against appellant on August 18, 2015, charging him with possession of cocaine, obstructing official business, resisting arrest, and possession of marijuana. Bond was set at $15,000 cash or surety. The case was bound over to the Butler County Court of Common Pleas, and on November 10, 2015, in Case No. CR2015-08-1324, appellant was indicted on possession of cocaine in violation of

R.C. 2925.11, a felony of the fifth degree, obstructing official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree, and possession of marijuana in violation of R.C. 2925.11(A), a minor misdemeanor. Appellant was unable to post bond and remained in custody throughout the proceedings in this case.

{¶ 6} On August 19, 2015, appellant was charged with theft and possession of criminal tools, both misdemeanors of the first degree, in Butler County Area II Court Case No. CRB1501039A-B.[1] The charges were filed by Fairfield Township Police Sergeant John Vande Ryt following an investigation into the Walmart items found in appellant's vehicle. Bond was set in that case at $2,000 cash or surety, which appellant was unable to post.

{¶ 7} On January 4, 2016, appellant moved to dismiss the indictment in Butler County Common Pleas Court Case No. CR2015-08-1324 on the basis that his statutory speedy-trial rights had been violated by the state's failure to bring him to trial within the time prescribed by R.C. 2945.71. Appellant argued that because the charges in Butler County Area II Court Case No. CRB1501039A-B "arose out of the same act or transaction" that led to the charges in his common pleas case, the "triple-count provision" set forth in R.C. 2945.71(E) applied and the state was required to bring him to trial within 90 days.

{¶ 8} The state filed a memorandum in opposition to appellant's motion to dismiss, arguing that the triple-count provision did not apply because appellant was in custody on charges unrelated to those charges pending in the common pleas case. The state contended the 270-day time limit set forth in R.C. 2945.71(C)(2) applied, not the 90-day time limit asserted by appellant.

{¶ 9} An evidentiary hearing on appellant's motion was held on January 24, 2016. At this time, appellant called Diane Neal, a deputy clerk from the Butler County Area II Court,

---

1. The possession of criminal tools charge arose out of appellant's use of a wheelchair to conceal the removal of items stolen from the Fairfield Walmart.

- 3 -

Deputy Sheriff Tanner, and Sergeant Vande Ryt as witnesses. Neal briefly testified about the various filings and events that occurred in the Butler County Area II Court Case No. CRB1501039A-B.

{¶ 10} Tanner then testified about the events that transpired the morning of August 18, 2015. He explained that at the time he arrested appellant, he merely had a suspicion that the Walmart items found in appellant's vehicle had been stolen. He stated, "I had no idea that he stole stuff. I had a suspicion at the time." Tanner therefore asked dispatch to contact the Fairfield Township Walmart to see if there had been a theft at that location, as that Walmart was the only one open at the time he made contact with appellant. He was advised that "Fairfield Township would be looking into it" and that a Fairfield Township officer would be by to collect the Walmart items.

{¶ 11} Tanner left the Meyer gas station parking lot with appellant on August 18, 2015, without knowing whether the items found in appellant's vehicle had been stolen. Tanner did not conduct an investigation into the Walmart items found in appellant's vehicle. He never spoke with any employees or loss prevention associates from the Fairfield Walmart. He also never viewed any security footage from the store. He learned "two days later" the items had, in fact, been stolen.

{¶ 12} Vande Ryt testified that at 2:30 a.m. on August 18, 2015, he received a dispatch from the Butler County Sheriff's Office asking if Fairfield officers "were investigating a theft which possibly occurred at our Wal-Mart in Fairfield Township." He went to the Fairfield Walmart store to see if any employees had observed a theft or suspicious activities. At this time, he spoke with employee Amy Gentry, who advised him that there was "a gentleman by the description [matching appellant's] in the store approximately about 1:30 [a.m.] and [he] was acting suspicious, but she was unable to follow through with anything due to her duties in the store." Vande Ryt explained that when he spoke to Gentry, the store was

preparing to close for two hours, from 3:00 a.m. to 5:00 a.m., so that the store could take care of a pest problem. He was therefore unable to review any security footage from the store at that time. He nonetheless directed another officer to go to the scene of appellant's arrest, retrieve the items found in appellant's vehicle, and to hold the items for a pending investigation.

{¶ 13} Vande Ryt filed charges against appellant in the Butler County Area II Court for theft and possession of criminal tools sometime between 2:00 a.m. and 3:00 a.m. on August 19, 2015, after it was confirmed on video by Walmart's loss prevention employees that a theft had occurred. Vande Ryt explained that he did not consult with anyone from the Butler County Sheriff's Office before filing the charges, "[b]ecause the theft occurred in my jurisdiction. Their issue occurred in that jurisdiction. So I filed the charge in my venue and they filed it on theirs."

{¶ 14} At the conclusion of the hearing, the trial court took the matter under advisement. On February 8, 2016, the court denied appellant's motion to dismiss. The trial court agreed with the state's position that "the misdemeanor charges brought in Area Court II do not arise from the same criminal incident and do not share a common litigation history" with the charges pending in the common pleas court. The court concluded that the triple-count provision, therefore, did not apply.

{¶ 15} A jury trial was scheduled for May 24, 2016. However, on this date, appellant entered a no contest plea to the charges. He was sentenced to serve nine months in prison.

{¶ 16} Appellant timely appealed, raising as his sole assignment of error the following:

{¶ 17} THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANT] IN DENYING HIS MOTION TO DISMISS HIS INDICTMENT WHEN THE STATE FAILED TO COMPLY WITH THE TIME LIMITATIONS OUTLINED IN R.C. 2945.71.

{¶ 18} In his assignment of error, appellant argues the trial court erred in denying his

motion to dismiss the indictment, as he was denied his right to a speedy trial pursuant to R.C. 2945.71. Appellant contends that because the charges filed in Butler Area II Court "came from the same criminal incident as the initial indictment" filed in Butler County Common Pleas Court, and the two cases "share a common litigation history," the triple-count provision contained in R.C. 2945.71(E) applies and the state was required to bring him to trial within 90 days of his arrest.

{¶ 19} An appellate court's review of a speedy-trial issue involves a mixed question of law and fact. *State v. Lasley*, 12th Dist. Clinton No. CA2007-01-004, 2007-Ohio-5632, ¶ 9. An appellate court must defer to the trial court's factual findings where the findings are supported by competent and credible evidence. *Id.*; *State v. Miller*, 12th Dist. Warren CA2009-01-008, 2009-Ohio-4831, ¶ 8. However, an appellate court reviews de novo the application of the law to those facts. *Id.*

{¶ 20} The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Section 10, Article I the Ohio Constitution. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 32; *Miller* at ¶ 8. "[T]he General Assembly * * * enacted Ohio's speedy-trial statutes to preserve this right." *Id.*, citing R.C. 2945.71, et seq. Compliance with these statutes is mandatory and the statutes "must be strictly construed against the state." *Id.*, citing *State v. Cox*, 12th Dist. Clermont No. CA2008-03-028, 2009-Ohio-Ohio-928, ¶ 12.

{¶ 21} The relevant statutory speedy-trial provision, R.C. 2945.71, provides as follows:

> (C) A person against whom a charge of felony is pending:
>
> * * *
>
> (2) Shall be brought to trial within two hundred seventy days after the person's arrest.

(D) A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, *all of which arose out of the same act or transaction*, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section.

(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, *each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.* * * *

(Emphasis added.) The triple-count provision set forth in R.C. 2945.71(E) "is applicable only to those defendants held in jail in lieu of bail solely on the pending charge." *State v. MacDonald*, 48 Ohio St.2d 66 (1976), paragraph one of the syllabus.

{¶ 22} Once a defendant demonstrates he was not brought to trial within the permissible period, the accused presents a prima facie case for dismissal based on a speedy-trial violation. *Miller*, 2009-Ohio-4831 at ¶ 9, citing *State v. Masters*, 172 Ohio App.3d 666, 2007-Ohio-4229, ¶ 10 (3d Dist.). The burden then shifts to the state to prove that time was sufficiently tolled and the speedy-trial time period extended. *Id.* R.C. 2945.72 enumerates specific instances in which the time period that a defendant must be brought to trial is extended.

{¶ 23} Here, appellant moved to dismiss the indictment on January 4, 2016, 139 days after his arrest. Because he had remained incarcerated during this time, appellant contends the triple-count provision of R.C. 2945.71(E) applies, so that for speedy-trial purposes he was required to be brought to trial within 90 days of his arrest. Appellant disputed that the state's filing of charges in the Butler County Area II Court on August 19, 2016, prevented application of R.C. 2945.71(E). He contends that the charges in the Butler County Area II court case and the charges in his common pleas case arose from one criminal incident and shared a common litigation history, such that his pretrial incarceration was for the same "pending

charge" for purposes of the triple count provision.

{¶ 24} Cases involving subsequent or multiple indictments can be problematic with respect to the issue of speedy-trial rights. *See State v. Vasquez*, 10th Dist. Franklin No. 13AP-366, 2014-Ohio-224, ¶ 23. The Ohio Supreme Court has issued a number of opinions over the years in an effort to clarify when the speedy-trial timetable runs on multiple indictments. In *State v. Adams*, 43 Ohio St.3d 67, 68-69 (1989), the court held that where "new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." (Internal quotations omitted.) However, the court later explained in *State v. Baker*, 78 Ohio St.3d 108 (1997), "[i]n issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." *Id.* at syllabus.

{¶ 25} Finally, in *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, ¶ 20, the supreme court found that "the holdings of *Baker* and *Adams* * * * combined, stand for the proposition that speedy-trial time is not tolled for the filing of later charges that arose from the facts of the criminal incident that led to the first charge." Therefore, the court concluded, that "[w]hen multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2945.71(E)." *Id.* at paragraph one of the syllabus. "Criminal charges arising out of the same criminal incident and brought simultaneously will always be deemed to have a 'common litigation history' for the purposes of establishing incarceration solely on the 'pending charge' within the meaning of R.C. 2945.71(E), even if they are prosecuted in separate jurisdictions."

*Id.* at paragraph two of the syllabus.

**{¶ 26}** In *Parker*, the defendant was arrested on November 6, 2002, after a methamphetamine lab was discovered. *Id.* at ¶ 2. Parker was charged in Ashtabula Municipal Court in three separate complaints with the illegal manufacture of drugs, possession of drugs, and carrying a concealed weapon. *Id.* The carrying a concealed weapon charge was a misdemeanor, whereas the remaining charges were felony charges. *Id.* at ¶ 3. Parker was bound over to the Ashtabula County Court of Common Pleas on the felony charges, and the misdemeanor charge remained pending in the municipal court. *Id.* In the common pleas court, bond was modified to a personal recognizance bond, but Parker did not execute this bond until January 24, 2003. *Id.* at ¶ 4. He remained jailed on his misdemeanor charge, which required a cash or surety bond, until January 28, 2003. *Id.* ¶ 4-5.

**{¶ 27}** Parker filed a motion to dismiss, arguing the triple count provision set forth in R.C. 2945.71(E) applied to the time he was incarcerated on the felony charges, from November 6, 2002, until January 24, 2003 (a total of 79 days). *Id.* at ¶ 6. The trial court denied Parker's motion to dismiss on speedy-trial grounds, and Parker entered a no contest plea to the charges. *Id.* at ¶ 7. He then appealed to the Eleventh District Court of Appeals, which reversed, "holding that because the triple-count provision applied, Parker must be given credit for 302 days before being brought to trial, 32 more than allowed by R.C. 2945.71." *Id.* at ¶ 8. The state appealed to the supreme court, which upheld the Eleventh District's decision. In upholding the Eleventh District's decision, the supreme court stated:

> Parker was arraigned on three separate complaints in the municipal court on November 7, all related to the same occurrence that resulted in his arrest. From this point forward, he had no control over the commonality of the litigation or the courts in which the complaints were prosecuted.
>
> Despite their eventual separation, the charges at the time of the

complaints could have proceeded together in one jurisdiction. Parker had no control over the decision to refer only the drug charges to the grand jury. The state cannot reasonably argue that it has a mechanism at its disposal whereby after bringing both misdemeanor and felony charges based on a single criminal incident, and retaining the misdemeanor as a pending action in the municipal court, it can obviate any triple-count concerns.

Criminal charges arising out of the same criminal incident and brought simultaneously will always be deemed to have a "common litigation history" for the purposes of establishing incarceration solely on the "pending charge" within the meaning of R.C. 2945.71(E), even if they are prosecuted in separate jurisdictions.

*Id.* at ¶ 23-25.

{¶ 28} We find *Parker* inapplicable to the case at hand. Unlike in *Parker*, the charges appellant faced as a result of his August 18, 2015 arrest were not from the "same criminal incident" and do not share a "common litigation history." Rather, the facts giving rise to the charges filed in the common pleas court case arose out of facts distinct from those supporting the charges in the Butler County Area II Court. Appellant's use of a wheelchair to commit a theft of items from the Fairfield Walmart was unrelated to the traffic stop that gave rise to the possession of cocaine, possession of marijuana and obstructing official business charges. The two sets of offenses were committed at separate times in different jurisdictions.

{¶ 29} Additionally, the record reflects that the theft and possession of criminal tools charges filed in Butler Area II Court were based on additional facts that were developed through further investigation, rather than on facts that were known by the state at the time the charges were filed in the common pleas case. *See, e.g., State v. Freeman*, 6th Dist. Lucas No. L-09-1086, 2010-Ohio-1357, ¶ 45; *Vasquez*, 2014-Ohio-224 at ¶ 39. Deputy Sheriff Tanner testified that at the time he arrested and charged appellant, he only had a "suspicion" that the Walmart items in appellant's vehicle were stolen. Further investigation was conducted by the Fairfield Township Police Department into the possible theft of the Walmart

items. It was only after additional facts were made known to Fairfield Township police officers that charges were filed in the Butler Area II Court. As the charges filed in Butler Area II Court arose from facts not known to the state at the time charges were filed in the common pleas court case, the state is not subject to the same speedy-trial timeline in both cases. *See id.*; *Freeman* at ¶ 45, citing *Baker*, 78 Ohio St.3d at 111. Therefore, as of August 19, 2015, the date charges were filed in the Butler County Area II Court Case No. CRB1501039A-B, appellant was no longer being held in jail "solely on the pending charge."

{¶ 30} Accordingly, as appellant was not held in jail in lieu of bail solely on the charges pending in the Butler County Court of Common Pleas case, we conclude appellant was not entitled to application of the triple-count provision of R.C. 2945.71(E). Rather, the 270-day time limitation set forth in R.C. 2945.71(C) applied. As appellant was brought to trial well within this time period, we find no error in the trial court's denial of his motion to dismiss. Appellant's statutory speedy-trial rights were not violated. Appellant's sole assignment of error is, therefore, overruled.

{¶ 31} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.