[Cite as *State v. Rodandello*, 2022-Ohio-2460.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-01-001 |
| | : | O P I N I O N |
| - vs - | | 7/18/2022 |
| | : | |
| DUSTIN D. RODANDELLO, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 20CR013267

Martin P. Votel, Esq., Preble County Prosecuting Attorney, and Kathryn M. West, Assistant Prosecuting Attorney, for appellee.

Valerie Sargent-Wood Law, LLC, and Valerie Sargent-Wood, for appellant.


**S. POWELL, J.**

{¶ 1} Appellant, Dustin D. Rodandello, appeals from his conviction in the Preble County Court of Common Pleas after he pled no contest to one count of second-degree felony felonious assault. For the reasons outlined below, we affirm Rodandello's conviction.

{¶ 2} On March 18, 2020, Rodandello was arrested, jailed, and subsequently charged in the Eaton Municipal Court with two counts of fist-degree felony kidnapping, four

counts of second-degree felony kidnapping, two counts of third-degree felony abduction, one count of fourth-degree felony domestic violence, two counts of first-degree misdemeanor child endangering, and one count of second-degree misdemeanor resisting arrest.

{¶ 3} As alleged in the complaint, the charges arose after Chief Jeremy Schroeder with the New Paris Police Department was dispatched to the home located at 19 Sauer Drive, New Paris, Preble County, Ohio on a report of a "female screaming." Upon Chief Schroeder's arrival, Chief Schroeder kicked down the door and entered the home. Once Chief Schroeder was inside, Rodandello grabbed two young children, T.C. and W.S., and "used them as human shields." Rodandello then "refused to allow the children to leave his grasp" and "at one point began to lie on top of T.C." Chief Schroeder was eventually able to wrestle T.C. and W.S. away from Rodandello and "Rodandello was arrested after resisting his arrest." A subsequent investigation revealed Rodandello had assaulted his mother prior to Chief Schroeder's arrival at the scene.

{¶ 4} On March 24, 2020, the municipal court appointed Attorney Kevin L. Lennen as Rodandello's counsel. The matter was then bound over to the Preble County Court of Common Pleas for prosecution.

{¶ 5} On March 27, 2020, Ohio Governor Mike DeWine signed 2020 Am.Sub.H.B. No. 197 ("House Bill 197") into law. *State ex rel. Ohio Democratic Party v. LaRose*, 159 Ohio St.3d 277, 2020-Ohio-1253, ¶ 4. "House Bill 197 tolled all time limitations under the Revised Code from March 9, 2020 until July 30, 2020 due to the global Covid-19 pandemic." *State v. Fishburn*, 5th Dist. Stark No. 2020 CA 00145, 2021-Ohio-2303, ¶ 54. "The Supreme Court of Ohio also issued an order on March 27, 2020, tolling deadlines retroactively for the same period of time." *State v. Lewis*, 2d Dist. Montgomery No. 28962, 2021-Ohio-1895, ¶ 41, citing *In re Tolling of Time Requirements Imposed by Rules*

*Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166.

{¶ 6}  On May 4, 2020, a Preble County Grand Jury returned an indictment charging Rodandello with the above twelve named offenses.[1]  The following week, on May 11, 2020, Rodandello entered not guilty plea to all twelve charges and the matter was scheduled for trial to take place on June 29, 2020.  However, on June 24, 2020, five days before trial was set to begin, Rodandello filed a notice changing his not guilty plea to a plea of not guilty by reason of insanity.  Two days later, on June 26, 2020, Rodandello filed a motion requesting the trial court order an assessment of his competency and mental condition at the time the charged offenses took place.  The trial court granted Rodandello's motion on June 30, 2020.  Rodandello was thereafter referred for a competency and sanity assessment.

{¶ 7}  On August 12, 2020, the trial court held a hearing to address Rodandello's competency to stand trial and his mental condition at the time of the charged offenses.  The only evidence presented at this hearing was the competency evaluation report generated as a result of Rodandello's competency and sanity assessment.   Shortly thereafter, on August 14, 2020, the trial court issued an entry finding Rodandello was competent to stand trial based on the conclusions set forth within the aforementioned report.[2]  Upon finding Rodandello competent to stand trial, the trial court rescheduled the matter for a trial to take place on October 19, 2020.

{¶ 8}  On October 9, 2020, ten days before trial was scheduled to begin, Rodandello's appointed counsel, Attorney Lennen, filed a motion to continue the trial "for the reason that the defense needs additional time to prepare for the trial."  The trial court

---

1. The record indicates no Preble County Grand Jury did not meet in the interim due to growing concerns over the then just emerging COVID-19 pandemic.

2. There is no dispute that the reported conclusions found Rodandello was competent to stand trial and that Rodandello was sane at the time the charged offenses took place.

granted Attorney Lennen's motion and rescheduled the matter for trial to take place on November 30, 2020. However, on November 20, 2020, Attorney Lennen filed another motion to continue the trial "for the reason that the defense needs additional time to prepare for the trial." The trial court granted Attorney Lennen's motion and rescheduled the trial to take place on February 8, 2021.

{¶ 9} On January 22, 2021, Attorney Lennen filed a motion to continue the trial "due to the current health crisis" caused by the COVID-19 pandemic. The trial court granted Attorney Lennen's motion and rescheduled the trial to take place on March 22, 2021. Attorney Lennen filed another motion on March 16, 2021, to continue the trial "due to the current health crisis." The trial court again granted Attorney Lennen's motion and rescheduled the trial to take place on June 21, 2021. Attorney Lennen filed yet another motion to continue the trial "due to scheduling conflicts," this one on April 15, 2021. The trial court once again granted Attorney Lennen's motion and rescheduled the trial to take place on September 13, 2021.

{¶ 10} On September 2, 2021, Attorney Lennen filed a motion to withdraw. To support his motion, Attorney Lennen alleged there was "no working attorney-client relationship" between himself and Rodandello. Attorney Lennen also alleged that "effective communication" between he and Rodandello was non-existent. A hearing on Attorney Lennen's motion took place on September 13, 2021. During this hearing, Rodandello agreed with Attorney Lennen's motion to withdraw and also agreed that new counsel should be appointed for him. Heeding Rodandello's request, the trial court granted Attorney Lennen's motion to withdraw and appointed Attorney Valerie Sargent-Wood as Rodandello's counsel. The trial court then rescheduled the trial to take place on October 18, 2021.

{¶ 11} On October 7, 2021, eleven days before that trial was scheduled to begin,

- 4 -

Attorney Sargent-Wood filed her own motion to continue the trial due to scheduling conflicts and "her need for sufficient time and ability to confer" with Rodandello. The trial court granted Attorney Sargent-Wood's motion and rescheduled the trial to take place on December 21, 2021. The following month, on November 30, 2021, Attorney Sargent-Wood filed a motion to dismiss on speedy trial grounds. The trial court held a hearing on Attorney Sargent-Wood's motion to dismiss on December 17, 2021. Two witnesses testified at this hearing. Those two witnesses were Rodandello's first appointed counsel, Attorney Lennen, and Major Dean Miller, a supervisor with the Preble County Sheriff's Office who worked at the Preble County Jail where Rodandello was being housed.

{¶ 12} On December 30, 2021, the trial court issued a decision denying Attorney Sargent-Wood's motion to dismiss. In so holding, the trial court found no merit to Attorney Sargent-Wood's claims that Rodandello's statutory and constitutional rights to a speedy trial had been violated. Specifically, the trial court found Rodandello's statutory right to a speedy trial was not violated because his "statutory speedy trial rights have been continuously tolled since his arrest either because of the COVID-related legislation or motions to continue filed by [Rodandello]." The trial court also found Rodandello's constitutional right to a speedy trial was not violated because "the reasons for the delay [in bringing Rodandello to trial] were the impact of COVID and requests by [Rodandello], through counsel, for continuances for strategic reasons."

{¶ 13} On January 5, 2022, Rodandello appeared before the trial court and entered a no contest plea to one count of second-degree felony felonious assault in exchange for the twelve charges levied against him being dismissed. The trial court accepted Rodandello's no contest plea upon finding the plea was knowingly, intelligently, and voluntarily entered. Two days later, on January 7, 2022, the trial court held a sentencing hearing and sentenced Rodandello to a three-year community control term. Rodandello

filed a timely notice of appeal on January 18, 2022. Rodandello's appeal now properly before this court for decision, Rodandello raises two assignments of error for review.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT'S MOTION TO DISMISS DUE TO SPEEDY TRIAL CALCULATION.

{¶ 16} In his first assignment of error, Rodandello argues the trial court erred by denying his motion to dismiss alleging a violation of both his statutory and constitutional rights to a speedy trial. We disagree.

{¶ 17} "Review of a speedy-trial claim involves a mixed question of law and fact." *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, ¶ 15. When applying this mixed standard of review, we must first defer to the trial court's factual findings if those findings are supported by competent, credible evidence. *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 37. "Competent evidence is admissible evidence for the purpose of proving a relevant fact." *Zimmerman v. Bowe*, 6th Dist. Lucas No. L-18-1200, 2019-Ohio-2656, ¶ 13; *In re Meeks*, 11th Dist. Lake No. 95-L-050, 1995 Ohio App. LEXIS 4369, *13-14 (Sep. 29, 1995). "Credible evidence means evidence found worthy of being believed." *In re A.T.*, 12th Dist. Butler Nos. CA2018-06-115 and CA2018-06-116, 2018-Ohio-5295, ¶ 34. We must then "independently review whether the trial court correctly applied the law to the facts of the case." *State v. Thacker*, 12th Dist. Warren No. CA2019-06-058, 2020-Ohio-1318, ¶ 28. A de novo standard of review therefore applies to the trial court's application of the law to the facts. *State v. North*, 12th Dist. Butler No. CA2016-06-119, 2017-Ohio-492, ¶ 19. De novo means this court will afford no deference to the trial court's decision. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶ 18} "The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Section 10, Ohio

Constitution." *State v. Jones*, 12th Dist. Butler Nos. CA2019-01-006 and CA2019-01-008 2020-Ohio-2672, ¶ 17, citing *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 32. "To preserve this right, the Ohio General Assembly enacted the speedy trial statutes found in R.C. 2945.71 through 2945.73." *Id.*, citing *State v. Miller*, 12th Dist. Warren No CA2009-01-008, 2009-Ohio-4831, ¶ 8. Pursuant to R.C. 2945.71(C)(2), an accused against whom a felony charge is pending "[s]hall be brought to trial within two hundred seventy days after the person's arrest." However, in accordance with R.C. 2945.71(E), "[w]hen an accused is held in jail on the pending charge in lieu of bail, each day is counted as three days." *Thacker* at ¶ 25. Therefore, "an incarcerated defendant, charged with a felony, is entitled to be brought to trial within 90 days after arrest." *State v. Carpenter*, 12th Dist. Butler No. CA2019-03-044, 2019-Ohio-4829, ¶ 17. These statutes "are coextensive with the constitutional speedy trial provisions." *State v. Turner*, 12th Dist. Brown No. CA2019-05005, 2020-Ohio-1548, ¶ 21, citing *State v. King*, 70 Ohio St.3d 158, 160 (1994).

{¶ 19} "A court reviewing a speedy trial issue must calculate the number of days attributable to either party and determine whether the defendant was brought to trial within the statutorily prescribed time limits." *State v. March*, 12th Dist. Butler No. CA2015-08-070, 2016-Ohio-3288, ¶ 10, citing *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, ¶ 19 (12th Dist.). This requires the computation of a "try-by-date." *State v. McCaleb*, 12th Dist. Warren No. CA2016-12-103, 2017-Ohio-6944, ¶ 9. The date of arrest itself is not included in this computation. *State v. Messer*, 12th Dist. Clermont No. CA2006-10-084, 2007-Ohio-5899, ¶ 12.

{¶ 20} In this case, because Rodandello remained in jail awaiting trial since the date of his arrest on March 18, 2020, Rodandello's "try-by-date" was June 17, 2020 (March 19, 2020 + 90 days = June 17, 2020). *See, e.g. State v. Merritt*, 5th Dist. Richland No. 2020 CA 0063, 2021-Ohio-2847, ¶ 13 ("The parties agree Appellant was arrested on March 12,

2020 and held in prison; therefore, the date on which he must be brought to trial pursuant to R.C. 2945.71 was June 10, 2020"). Rodandello filed his motion to dismiss 531 days after his "try-by-date" on November 30, 2021 (June 17, 2020 + 531 days = November 30, 2021; 90 days + 531 days = 621 total days). Therefore, because Rodandello can show that he was not brought to trial within the permissible time period set forth by R.C. 2945.71, Rodandello has presented "a prima facie case for dismissal based on a speedy-trial violation." *State v. Wilson*, 12th Dist. Warren No. CA2017-08-125, 2018-Ohio-702, ¶ 32; *State v. Masters*, 172 Ohio App.3d 666, 2007-Ohio-4229, ¶ 10 (3d Dist.). Accordingly, because Rodandello presented a prima facie case for dismissal, the burden shifted to the state "to prove that time was sufficiently tolled and the speedy-trial time period extended." *State v. Agostini*, 12th Dist. Warren Nos. CA2016-02-013 and CA2016-02-014, 2017-Ohio-4042, ¶ 67.

{¶ 21} After a full and thorough review of the record, we find no error in the trial court's decision finding the state satisfied its burden requiring it to prove time was sufficiently tolled and the speedy-trial time period extended in this case. "R.C. 2945.72 enumerates specific instances in which the time period that a defendant must be brought to trial is extended." *State v. North*, 12th Dist. Butler No. CA2016-06-119, 2017-Ohio-492, ¶ 22. Pursuant to R.C. 2945.72(B), (C), (G), and (H), this includes any period during which the accused's mental competence to stand trial is being determined, any period of delay necessitated by the accused's lack of counsel, the period of any continuance granted on the accused's own motion, and any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order. Therefore, when applying R.C. 2945.72(B), (C), (H), and (G) to the case at bar, we find that neither Rodandello's statutory right to a speedy trial nor his constitutional rights to a speedy trial were violated. *See State v. Conkright*, 6th Dist. Lucas No. L-06-1107,

2007-Ohio-5315, ¶ 35 ("Considering that appellant was brought to trial within the statutory speedy trial time, we cannot say that the length of any of the delays was unreasonable or resulted in prejudice to appellant. Therefore, we conclude that appellant's federal constitutional right to a speedy trial was also not violated").

{¶ 22} This is because the time to bring Rodandello to trial was continuously tolled: (1) so that his mental competence to stand trial could be determined; (2) because COVID-19 related legislation and the COVID-19 related order issued by the Ohio Supreme Court applied; (3) because he agreed with Attorney Lennen's motion to withdraw and requested new counsel be appointed knowing it would further delay his trial; and/or (4) because he requested, through both his originally appointed counsel, Attorney Lennen, and his newly appointed counsel, Attorney Sargent-Wood, multiple continuances that pushed his trial date back by over a year. The following table makes this clear.

(1) Total Days Tolled for Mental Competency Determination = 70 Days

(2) Total Days Tolled for COVID-19 Legislation/Order = 134 Days

(3) Total Days Tolled for Withdraw/Appoint New Counsel = 35 Days

(4) Total Days Tolled for Continuances = 383 Days

Grand Total = 622 Days (0 Chargeable Days)

{¶ 23} Rodandello nevertheless argues the time for bringing him to trial should not be tolled for any of the time accrued by the motions to continue filed by his first appointed counsel, Attorney Lennen, since he did not consent to any of those requests being made. However, even when assuming Rodandello's claim that he did not consent to any of those continuances, a claim the trial court found Attorney Lennen testified "without contravention" was not true, "it is well-established that '[a] defendant is bound by his counsel's waiver of speedy trial rights, even though the waiver might have been executed without his consent.'" *Watkins*, 2021-Ohio-163 at ¶ 31, quoting *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-

7017, ¶ 33; *State v. McBreen*, 54 Ohio St.2d 315, 319 (1978) (trial counsel has "the authority to execute the waivers of time provisions for the purpose of trial preparation" even absent the defendant's approval); *State v. Vaughn*, 106 Ohio App.3d 775, 786 (12th Dist.1995) ("speedy-trial waiver signed by defense counsel is valid even if appellant did not consent"). That is to say, "a defendant is bound by the actions of counsel in waiving speedy trial rights by seeking or agreeing to a continuance, even over the defendant's objections." *State v. Glass*, 10th Dist. Franklin No. 10AP0558, 2011-Ohio-6287, ¶ 17; *see, e.g., State v. Carmon*, 10th Dist. Franklin No. 11AP818, 2012-Ohio-1615, ¶ 19 (rejecting appellant's claim that the time that elapsed during the continued periods was chargeable to the state because appellant did not consent to the continuances). Rodandello's claim otherwise lacks merit. Therefore, finding no merit to any of the arguments raised by Rodandello herein, Rodandello's first assignment of error lacks merit and is overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE DEFENDANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 26} In his second assignment of error, Rodandello argues the representation and "collective performance" provided to him by his first appointed counsel, Attorney Lennen, constituted ineffective assistance of trial counsel. We again disagree.

{¶ 27} "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7. Because of this, "[a]n appellate court must give wide deference to the strategic and tactical choices made by trial counsel in determining whether counsel's performance was constitutionally ineffective." *State v. Reeves*, 12th Dist. Clermont No. CA2020-01-001, 2020-Ohio-5565, ¶ 32. Therefore, for Rodandello to establish that he received ineffective assistance of counsel

- 10 -

from his first appointed attorney, Attorney Lennen, Rodandello must demonstrate both that: (1) Attorney Lennen's performance was deficient; and (2) Attorney Lennen's deficient performance was prejudicial to him. *State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, ¶ 18, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

{¶ 28} "Deficient performance is defined as performance that fell below an objective standard of reasonableness." *State v. Arledge*, 12th Dist. Clinton No. CA2018-12-024, 2019-Ohio-3147, ¶ 8, citing *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 97. Prejudice occurs where "there is a reasonable probability the result of the proceeding would be different, but for the unprofessional errors." *State v. Schwartz*, 12th Dist. Clermont Nos. CA2019-04-029 thru CA2019-04-031, 2019-Ohio-4912, ¶ 39; *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, ¶ 93 ("prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different"). The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim. *State v. Zielinski*, 12th Dist. Warren No. CA2010-12-121, 2011-Ohio-6535, ¶ 50.

{¶ 29} Rodandello argues Attorney Lennen provided him with ineffective assistance of counsel because: (1) he did not visit him in jail more frequently; (2) he did not provide him with discovery more quickly; (3) he did not convey the state's plea offers to him; (4) he did not conduct the necessary investigation, contact witnesses, and/or discover other witnesses who might assistance in his defense; and (5) he did not obtain his consent before filing the above referenced motions to continue. However, even when assuming all of Rodandello's claims are true, which, again, the record indicates they are not, Rodandello has failed to establish how any of this subjected him to any resulting prejudice. That is to say, given the record properly before this court, Rodandello has not demonstrated a reasonable probability exists that the result of any of the proceedings below would have been different. The record instead indicates the exact same result, or worse, would have

occurred.

{¶ 30} We find this particularly true here when considering the trial court sentenced Rodandello to just three years of community control on a charge of second-degree felony felonious assault rather than to a significant, multi-year prison sentence had Rodandello taken this matter to trial on the twelve charges levied against him. This includes two counts of first-degree felony kidnapping, both of which included the possibility of a minimum 11-year prison term. *See* R.C. 2929.14(A)(1)(a) (the prison term for a first-degree felony "shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years"). Therefore, because Rodandello must show both that: (1) Attorney Lennen's performance was deficient; and (2) Attorney Lennen's deficient performance was prejudicial to him, Rodandello's ineffective assistance of counsel claim must fail. Accordingly, finding no merit to any of the arguments raised by Rodandello herein, Rodandello's second assignment of error also lacks merit and is overruled.

{¶ 31} Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.